[Civ. No. 1935. First Appellate District.—October 2, 1916.]

## MAUDE E. HANDY, Respondent, v. ROZELVIN B. HANDY, Appellant.

Practice—Time of Trial—Insufficient Notice—Presence in Court —Refusal of Continuance—Discretion not Abused.—It is not an abuse of discretion to refuse a motion made by the defendant for a continuance of the trial of an action, based upon the fact that he had not received a full five days' notice of the time fixed for the trial, where he had filed his answer, was present in court when the case was called for trial, and filed no affidavit setting forth the reasons why he was unable to proceed, or why his witnesses were not present, or who they were, or what they would testify to if present.

Id.—Notice of Trial—Construction of Section 594, Code of Civil Procedure.—The provision of section 594 of the Code of Civil Procedure, requiring as a condition to proceeding with a trial proof that the adverse party has had five days' notice of such trial, has reference only to proceedings taken against a party in his absence, and has no application to cases in which both parties are represented and present when the case is called for trial.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

W. C. Cavitt, for Appellant.

F. A. Berlin, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in an action to foreclose a mortgage on real property given to secure a promissory note for four hundred dollars, the attack upon the judgment being based upon the fact that the trial court denied a motion of the appealing defendant to postpone the trial of the action.

At the time set for the trial of the action the appellant, by his counsel, appeared in court, and moved for a continuance of the trial, stating that he had not received the five days' notice prescribed by law; that he had not had time to find the appellant nor subpoena a witness who lived out of the

city and county of San Francisco, where the action was pending. No showing for a continuance was made under the provisions of section 595 of the Code of Civil Procedure; and it is clear that the motion was based entirely upon the fact that the appellant had not received a full five days' notice of the time fixed for the trial.

Section 594 of the Code of Civil Procedure provides: "Either party may bring an issue to trial or to a hearing, and, in the absence of the adverse party . . . may proceed with his case, and take a dismissal of the action, or a verdict or judgment, as the case may require; provided, however, if the issue to be tried is an issue of fact, proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial."

The supreme court, in the case of *Sheldon* v. *Landwehr*, 159 Cal. 778, [116 Pac. 44], construing that section, held that it had reference only to proceedings taken against a party in his absence, and that it had no application to a case like the one here, in which both parties were represented and present when the case was called for trial. "When," says the court, "the party has actually known that the case was set for a certain time, and appears at that time, he is not entitled to a continuance in the absence of a claim showing that he has not had such knowledge long enough to enable him to properly appear. It is in each case a question for the discretion of the trial court."

In the present case the appellant had filed his answer; he was present in court when the case was called for trial, and he made no legal showing to the effect that the notice which he had received was insufficient to enable him to prepare for trial; in other words, he filed no affidavit setting forth the reasons why he was unable to proceed to trial, or why his witnesses were not present in court, or who they were, or what they would testify to if present. Moreover, with one possible exception the answer of the defendant raised no substantial issue and was frivolous. All the circumstances of the case cast a suspicion on the good faith of the application and induce the belief that it was intended only for delay. We think, therefore, that the defendant was not entitled to the postponement demanded.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 1, 1916.