[Civ. No. 3884.   First Appellate District, Division Two.—October 6, 1921.]

LAWRENCE M. CAHILL, Jr., et al., Respondents, v. PAUL VERDIER, Appellant.

[1] TRIALS—NOTICE OF MOTION TO SET—COMPLIANCE WITH STATUTE.— Both a notice of motion to set and the presence of counsel at the hearing of said motion are matters without the provisions of section 594 of the Code of Civil Procedure, and they neither sustain nor violate the calls of that statute.

[2] ID. — NOTICE OF TRIAL — POWER OF COURT TO SHORTEN. — Section 1005 of the Code of Civil Procedure does not confer the power on a trial court to shorten the five days' notice of time and place of trial prescribed by section 594 of that code.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

William A. Kelly for Appellant.

J. E. McCurdy for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action against the defendant for the reasonable value of labor and materials furnished the defendant at his special instance and request. The plaintiffs recovered a judgment in the trial court, and the defendant has appealed under section 953a of the Code of Civil Procedure.

The defendant complains because the trial was had in the absence of the defendant and of defendant's counsel. In this behalf it becomes pertinent to note that on Febru-

ary 9, 1921, the plaintiffs' attorney served and filed a notice of motion to set the case for trial. In that notice it was stated that the motion would be made February 17, 1921. On the date last mentioned, Kenneth M. Greene, Esq., representing William A. Kelly, Esq., attorney for defendant, appeared, and J. E. McCurdy, Esq., appeared, representing the plaintiffs, and on motion of counsel the hearing of the motion to set was continued to the twenty-fourth day of February, 1921. On the latter date, no one appearing for the defendant, the case was set for trial at 10 o'clock A. M., February 28, 1921. On the same date the trial court made an order that the time for serving and filing the notice of the date of the trial be shortened to two days. On the same day the attorney for the plaintiffs served on the attorney for the defendant a formal written notice of the time and place of trial.

Under the foregoing circumstances a trial was had before the court sitting without a jury, the plaintiffs introduced their proof, and, in the absence of the defendant, took a judgment as prayed for. [1] The appellant contends that the trial was had, therefore, in violation of the provisions of section 594 of the Code of Civil Procedure. Replying to this contention, the respondents place much stress upon the record as showing that on the eighth day of February, 1921, they gave a written notice of intention to move to set the cause for trial; that the hearing of the notice came up on the seventeenth day of February, 1921, in the presence of himself and the representative of the attorney for the defendant; that the further hearing of the motion to set was continued until the twenty-fourth day of February, 1921. These matters concerning "notice of intention to set" are wholly without the provisions of section 594 of the Code of Civil Procedure. They neither sustain nor violate the calls of that statute. (*McNeill & Co.* v. *Doe,* 163 Cal. 338, 341 [125 Pac. 345].) [2] The respondent further relies upon the fact that on the day the order was made setting the cause for trial the judge of the trial court made an order shortening the time for filing and serving the notice of the time and place of trial. As to this element, the appellant contends that section 1005 of the Code of Civil Procedure confers the power to shorten the time for filing and serving a notice of motion, but does not confer the

power on the trial court to shorten the five-day period provided by section 594 of the Code of Civil Procedure. In this contention we think that the appellant is correct. If the trial court can, pursuant to the provisions of section 1005, shorten the time prescribed by section 594, it can reduce the period of time from five days to four days, or to one hour. All of these things it had the power to do before the amendment to section 594. But if it has the same power after the amendment to the section, then no force or effect is given to the mandate of the legislative enactment amending the section. (Stats. 1899, p. 5.) In *Vrooman* v. *Li Po Tai*, 113 Cal. 302, 305 [45 Pac. 470, 471], the court was considering whether subdivision 7 of section 581 of the Code of Civil Procedure (Stats. 1889, p. 398) was directory or otherwise. The court said: "It is prohibitory, otherwise it would have no force at all. The courts were already authorized and required to dismiss suits upon motion when there had been culpable failure to prosecute. To hold this statute directory would, therefore, be to repeal it." Referring to the case just cited, in *Modoc Land etc. Co.* v. *Superior Court*, 128 Cal. 255, 256 [60 Pac. 848, 849], the court said: "True, in that case more than sixteen years had expired before the summons was returned, whereas in the present case the summons was returned only eleven days after the expiration of this period; but the statute imposes the penalty of dismissal in all cases where the return is made more than three years after the commencement of the action. The court is deprived of jurisdiction to take any other action than to dismiss the cause, whether one day or many years elapse before its attention is called to the subject. The declaration that 'no further proceedings shall be had therein' is a statutory prohibition against any further proceedings, and, if the court should assume to act in disregard of this prohibition of the statute, it would be acting without any jurisdiction." Counsel have cited no case that directly rules the point, and we have not found a case directly in point. True it is that in the instant case the trial court made a formal order shortening time, and true it is that the plaintiffs served the defendant with that order. But the fact of service or nonservice of the order shortening time is not by the terms of the statute made a

controlling feature. The gravamen of the matter is five days' notice. If the respondents' contention that the trial court has the right to shorten time is sound, then it would seem to follow that the case entitled *Estate of Dean,* 149 Cal. 487 [87 Pac. 13], was incorrectly decided. The only difference would be that in the instant case the trial court made a formal order shortening time, and that that formal order was served, whereas in the Dean case the trial court impliedly shortened the time. In the case of *Hagenkamp* v. *Equitable L. Assur. Soc.,* 29 Cal. App. 713 [156 Pac. 520], the facts were that the cause was regularly set for August 7, 1913; that at 5:15 P. M. of August 5, 1913, plaintiffs served a notice on the intervener that the cause was set for trial on the seventh day of August, 1913. On the latter date the cause was tried in the absence of the intervener, but when the irregularity was called to the attention of the trial judge he vacated the judgment and ordered a new trial. It was also contended that the cause had been partly tried on August 5, 1913, by the same judge sitting in another department. In 29 Cal. App., page 716 [156 Pac. 521], the court said: ''The order thus made was in effect a resetting of the cause for trial, and it not having been shown that it was made with the knowledge and consent of the counsel for the intervener, a further trial of the case could not be had in his absence without giving him the five days' notice required by section 594 of the Code of Civil Procedure.'' The respondent cites and relies on *Sheldon* v. *Landwehr,* 159 Cal. 778 [116 Pac. 44]. However, we find nothing in that case that is helpful. In that case the defendant's attorney attended the trial, cross-examined witnesses, and made various objections. On appeal the court held that section 594 of the Code of Civil Procedure applies only to trials had in the absence of a party and of his attorney. *Handy* v. *Handy,* 31 Cal. App. 590 [161 Pac. 21], and *Estate of Wempe,* 185 Cal. 557 [197 Pac. 949], are to the same effect. It has been ruled more than once that the five-day notice may be shortened by waiver or by the consent of the parties. (*Townsend* v. *Driver,* 5 Cal. App. 581, 585 [90 Pac. 1071]; *Estate of Dean,* 149 Cal. 487, 492 [87 Pac. 13].) The expression, it seems, was carefully chosen.

As the case must be remanded for a new trial, it is not necessary for us to pass on the point made by the appellant as to the insufficiency of the evidence. The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.