[Civ. No. 5241. Second Appellate District, Division One.—May 13, 1926.]

## ISABELL A. BEAL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICE'S COURT APPEAL — DELAY IN BRINGING TO TRIAL — DIS-MISSAL.—Section 981a of the Code of Civil Procedure requires the dismissal of all appeals from justices' courts "where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal" in the superior court, unless such time has been extended by written stipulation filed with the clerk of the court; and such provisions of that section are mandatory.

[2] ID.—TIME OF TRIAL—ORDER SHORTENING—NOTICE—DISMISSAL— JURISDICTION.—The period of five days' time prescribed by section 594 of the Code of Civil Procedure for the notice of date of trial is not subject to modification by any order shortening the time; and on an appeal by defendant from a justice's court to the superior court, on questions of both law and fact, where the superior court proceeds to hear the case in the absence of plaintiff and his counsel, without the five days' notice of date of trial having been given, said court acts within the scope of its jurisdiction in thereafter, and after the expiration of one year from the date of filing the appeal, but before the trial is completed or any judgment rendered, dismissing the appeal.

---

(1) 35 C. J., p. 812, n. 64.   (2) 35 C. J., p. 812, n. 64, p. 818, n. 22.

1. See 15 Cal. Jur. 546.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County and Harry A. Holzer, Judge thereof, to proceed with the trial of an action on appeal from a Justice's Court. Writ denied.

The facts are stated in the opinion of the court.

Ray Howard for Petitioner.

Dailey S. Stafford and Frank F. Falloon for Respondents.

CONREY, P. J.—The facts as shown by the petition herein are as follows: The petitioner was defendant in an action brought against her by Herman Perry, in the justice's court of Los Angeles township, where judgment was rendered against the defendant. The defendant appealed on questions of both law and fact. The judgment was rendered on July 2, 1924. The date of taking the appeal is not given, but it is alleged that the papers on appeal were filed in the Superior Court on July 23, 1924. On July 20, 1925, the defendant, after obtaining "an order shortening time" to two days for giving notice of motion, gave notice that on July 22, 1925, he would move for an order setting the case for trial and that it be tried forthwith. On July 22d, the plaintiff and his counsel failing to appear, said motion was presented and granted, and the court began and entered upon the trial by receiving in evidence certain documentary evidence offered by the defendant. The court then continued the cause until the next day, July 23, 1925. On July 23d the plaintiff and his counsel still failing to appear, the court continued the trial to August 3, 1925, and directed that counsel for plaintiff be notified thereof. This notice was given on July 23, 1925. On the third day of August, 1925, the case being called for further trial, plaintiff's counsel being present for the sole purpose of moving to vacate the order of July 22d setting the cause for trial and that the appeal be dismissed, presented said motions. These motions were taken under submission and on October 20, 1925, the court granted both motions and dismissed the appeal. By reason of said action of the court and its refusal to further recognize the appeal the defendant has instituted this proceeding for writ of mandate. An alternative writ of mandate was issued herein. Respondents now

demur to the petition and at the same time have filed an answer or "return," which raises no issue of fact.

[1]  Section 981a of the Code of Civil Procedure requires the dismissal of all appeals from justices' courts "where the appealing party fails to bring such appeal to trial within one year from the date of filing such appeal" in the Superior Court, unless such time has been extended by written stipulation filed with the clerk of the court. In this case there was no stipulation extending the time. The provisions of section 981a of the Code of Civil Procedure prohibiting the further prosecution of such appeal and requiring the dismissal thereof are mandatory. The language used in expressing the legislative intention is closely parallel to the terms of section 581a of the Code of Civil Procedure, relating to the dismissal of actions in the Superior Court on account of delays in issuance, service, and return of summons. It has been definitely settled that these provisions are mandatory. (*Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac. 570].)  In *Middlebrook* v. *Superior Court,* 75 Cal. App. 35 [241 Pac. 914], we referred to the parallel existing between section 981a of the Code of Civil Procedure and sections 581a and 581b of that code, and based our decision upon the mandatory character of all of these sections of the code.

[2]  From the foregoing the conclusion follows that it was the duty of respondent Court to dismiss the appeal unless it can be said that by the proceedings of the court on July 22, 1925, the case was lawfully brought to trial. Section 594 of the Code of Civil Procedure, relating to the bringing of issue to trial, provides that if the issue to be tried is an issue of fact "proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial." In *Uplinger* v. *Yonkin,* 47 Cal. App. 435 [190 Pac. 822], this court held that where the requirements of section 594 of the Code of Civil Procedure are applicable, a trial and judgment given without the notice therein required is merely erroneous and is not in excess of the court's jurisdiction. We drew that inference from the decision of the Supreme Court in the case of *Estate of Dean,* 149 Cal. 487, 492 [87 Pac. 13], where the court very carefully limited to cases of direct appeal its declaration that a judgment rendered in disregard of that section is erroneous and should be reversed. In *Sheldon* v.

*Landwehr,* 159 Cal. 778, at page 782 [116 Pac. 44], it was held that where the court proceeds against a party in his absence and without the notice required by section 594 of the Code of Civil Procedure, such proceeding against the party in his absence is in the nature of a default, but the court held that the section has reference only to proceedings taken against a party in his absence. The court held that if such party appears and has actually known that the case was set for a certain time the court has jurisdiction to proceed, and that the question of continuance is a matter for the discretion of the trial court. To similar effect, see *Handy* v. *Handy,* 31 Cal. App. 590 [161 Pac. 21].

But here it appears that the attempted commencement of the trial took place in the absence of the plaintiff. We are convinced, as was held in the case of *Cahill* v. *Verdier,* 54 Cal. App. 465 [202 Pac. 154], that the period of five days' time prescribed for the notice of date of trial is not subject to modification by any order shortening the time, as was attempted to be done in the case now before us. The case must be considered as one wherein, although the case was actually brought to trial and the court commenced the taking of evidence on July 22, 1925, which was within the one-year period prescribed by section 981a of the Code of Civil Procedure, this was a proceeding erroneously allowed, because it was held in the absence of the adverse party and without the five days' notice required by section 594 of the Code of Civil Procedure. But it further appears that before any judgment rendered, and indeed, before completion of the trial, the court became convinced of the error which it had committed. It needs no argument to prove that at such a time, and while the cause is wholly before the court and undetermined, the court has power to correct its rulings, and the litigant in whose favor the error had been committed has not thereby acquired any vested right.

We conclude that the Superior Court acted within the scope of its authority in dismissing the appeal.

The alternative writ is discharged and the petition denied.

Houser, J., and York, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 8, 1926.