[Civ. No. 4690. Second Appellate District, Division One.—April 28, 1927.]

JOHN LAPIQUE, Appellant, v. E. L. KELLEY et al., Respondents.

[1] NEW TRIAL—ACTION BY COURT—TIME—PRESUMPTIONS—SECTION 660, CODE OF CIVIL PROCEDURE.—Where notice of entry of judgment was given March 13, 1923, and the record did not show any direct order of court either granting or denying a motion for new trial, the presumption is that said motion, if made, was denied on June 13, 1923, as the change made in section 660 of the Code of Civil Procedure by Statutes of 1923, page 751, reducing the time within which a motion for new trial must be passed upon from three months to two months, did not become effective until ninety days after May 18, 1923.

[2] APPEAL—BRIEFS—ALLEGED MISCONDUCT OF RESPONDENT'S ATTORNEYS—ABSENCE OF EXPLANATION OR ARGUMENT—PRESUMPTIONS.— Where appellant neither explains nor argues the alleged misconduct of attorneys for respondent contained in his brief, the appellate court will assume that such charges are not sustained by the record.

[3] PLEADING—ANSWER—VERIFICATION—DEMURRERS.—An objection by plaintiff that defendant's answer was not verified as required by law cannot be raised by demurrer.

[4] APPEAL — PLEADING — VERIFICATION — OBJECTIONS NOT URGED IN COURT BELOW.—Where plaintiff did not assert that verification of the answer and cross-complaint was void because made by an attorney and in part on information and belief when he made his motion to strike the cross-complaint and answer, and such objection was not included in the motion to strike, he cannot urge on appeal that the denial of such motion was error.

3. See 21 Cal. Jur. 221.
4. See 2 Cal. Jur. 260.

[5] QUIETING TITLE—PARTY CLAIMING TITLE—INTERVENTION—CROSS-COMPLAINT.—In an action to quiet title against the trustees of a church, the trial court properly permitted the church claiming title to the property to intervene and file a cross-complaint, where it appeared that its claim of title was of such a nature that a complete determination of the controversy could not well be had without the church being a party.

[6] TRIAL—NOTICE—ISSUE OF FACT—SECTION 594, CODE OF CIVIL PROCEDURE.—Section 594 of the Code of Civil Procedure, which provides that where the issue to be tried is one of fact proof must be made that the adverse party had five days' notice of trial, is mandatory, and the court has no authority to shorten the notice.

[7] QUIETING TITLE—APPEARANCE—NOTICE OF TRIAL.—In an action to quiet title, where plaintiff did not appear at the trial, he was entitled to five days' notice thereof under section 594 of the Code of Civil Procedure.

[8] ID.—NOTICE OF TRIAL—SUFFICIENCY OF—TIME.—In such action, where notice of trial was mailed to plaintiff in compliance with section 1012 of the Code of Civil Procedure five days before the date set for trial, the service was complete at the time of mailing, under section 1013 of the Code of Civil Procedure, and the fact that plaintiff did not receive the notice until two days before trial date and chose to remain absent from the trial, afforded him no valid ground of complaint that the court proceeded to try the action without his presence.

[9] ID.—FAILURE TO OFFER EVIDENCE OF TITLE—FINDINGS.—In such action, where plaintiff offered no evidence, and there was no evidence to show that he had any title or interest, he may not complain that the court made no findings of fact concerning his claim of title nor of the decree quieting title in cross-complainant, since findings on his claim of title must necessarily have been adverse to him.

(1) 4 **C. J.**, p. 783, n. 52.    (2) 4 **C. J.**, p. 756, n. 24.    (3) 31 **Cyc.**, p. 285, n. 33.    (4) 3 **C. J.**, p. 748, n. 24.    (5) 32 **Cyc.**, p. 1347, n. 89, p. 1349, n. 15.    (6) 38 **Cyc.**, p. 1272, n. 50.    (8) 29 **Cyc.**, p. 1123, n. 92; 38 **Cyc.**, p. 323, n. 96.    (9) 4 **C. J.**, p. 1059, n. 6.

APPEAL from a judgment of the Superior Court of Orange County. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

6. See 24 Cal. Jur. 723–725.
7. See 21 Cal. Jur. 565.

John Lapique, *in pro. per.*, for Appellant.

Clyde Bishop and M. B. Wellington for Respondents.

CONREY, P. J.—This action was commenced by complaint filed on the ninth day of October, 1922, by Clarence E. Gorthy and his wife, Blenda Gorthy, against the defendants Kelley and McGuire and others. The Gorthys alleged that they were at that time the owners in fee simple of a described tract of fifteen acres of land in Orange County, and they sought to obtain a decree quieting their title against any and all adverse claims of the defendants. The complaint alleged that the defendants Kelley and McGuire were "trustees of the Church of Latter Day Saints of Jesus Christ, Reorganized Church of Jesus Christ of Latter Day Saints" (hereinafter called the Church), and prayed that the court by its decree restrain Kelley and McGuire, as such trustees, from asserting or claiming any interest in the described real property. This complaint was signed by "C. E. Gorthy, In Pro Persona," and verified by affidavit of C. E. Gorthy.

On the second day of January, 1923, pursuant to an order permitting the said Church to intervene in the action, the Church filed an answer and a cross-complaint. The answer alleged that the Church is a religious corporation, organized and existing under the laws of the state of Iowa, which corporation has duly filed certified copies of its articles of incorporation in the required offices in the state of California and in the county of Orange; that defendant Kelley formerly was and defendant McGuire now is the presiding bishop of said corporation, and had heretofore held the title of record of the above-described real property as trustee for said Church; and denied that the plaintiffs, or either of them, have or had at any time any interest in the said land as owner in fee or otherwise. The Church by its cross-complaint set forth facts showing, first, conveyance of the land on June 27, 1899, to Kelley as bishop and trustee; that by deed of date October 24, 1916, duly recorded at that time, Kelley transferred his trusteeship in said property to McGuire; that on June 8, 1920, McGuire transferred all of his interest in the property to the defendant and cross-com-

plainant, the said Church, which said deed was duly recorded in the recorder's office of Orange County on December 16, 1922; that the said Church is the owner and at all times has been the person for whose benefit the property was owned and held.

On January 12, 1923, the defendants Kelley and McGuire filed their answer denying the alleged ownership of the land by plaintiffs Gorthy, and alleging their former ownership as trustees for the Church and their subsequent conveyance of the property, whereby the legal title became vested in the Church by virtue of said grant deed of date June 8, 1920.

On January 16, 1923, the cross-defendants Gorthy filed a demurrer "to the cross-complaint and answer," applying partly to the cross-complaint and partly to the answer of the Church.

On the ninth day of February, 1923, an answer to cross-complaint was filed by the Gorthys and Lapique, which answer begins as follows: "Come now cross-defendants, Clarence E. Gorthy and Blenda Gorthy, his wife, and John Lapique, heretofore substituted as a successor in interest," etc. This answer, after denying ownership in the cross-complainants, alleged that "these cross-defendants admit that they claim an estate, title and interest in and to said real property and all thereof, and allege that their interest is the ownership in fee of all of said described property by grant and by conveyance, and by adverse possession and prescription."

On January 16, 1923, there was filed an affidavit by Lapique, "That on the —— day of January, 1923, and while said action was still pending in this court," the Gorthys had assigned, conveyed and transferred the subject matter in the complaint mentioned for a valuable consideration to Lapique, "who is now the owner and holder thereof of all their right, title and interest in and to the real property in controversy in this action." In that affidavit Lapique asked that he be substituted as plaintiff in the action instead of the original plaintiffs Gorthy. The court thereupon, and on the same date, ordered that Lapique be substituted instead of said plaintiffs Gorthy. A written consent by the Gorthys to such order was filed at the same time. On the same date, January 16th, plaintiffs Gorthy filed in said action a notice of motion to strike out certain stated parts of the cross-

complaint and also a notice of motion to quash the summons and to vacate and set aside the order of January 2, 1923, permitting the Church to file its cross-complaint and answer.

On February 10, 1923, in accordance with an order setting the case for trial, the attorneys for the Church prepared a notice, stating that the action had been set for trial in said superior court on Friday, February 16, 1923. At the same time an order was made by the court shortening time for service of said notice of time and place of trial to three days, and directing that a copy of this order be served on plaintiffs and cross-defendants with the notice of time and place of trial. Attached to the said notice as filed on February 16, 1923, there is an affidavit of that date by Edna Hewit, a clerk in the office of Bishop & Wellington, attorneys for said Church, from which affidavit it appears that "Bishop & Wellington reside and have their offices in the city of Santa Ana, county of Orange, and that John Lapique has offices and residence in the city of Los Angeles; that on February 10, 1923, affiant personally served a copy of said notice and order on Lapique, by depositing copies of the same in the United States postoffice, at Santa Ana, in a sealed envelope with the postage thereon prepaid and addressed as follows: 'Mr. John Lapique, 115 South Broadway, Los Angeles, California'; that said address, above given, is the address which the said John Lapique notified Bishop & Wellington as the address at which papers should be served upon him in said action."

The action was brought to trial on February 16, 1923, the defendants and cross-complainants appearing by their attorneys, the said Gorthy and Gorthy appearing in person, and said Lapique not appearing. Evidence having been introduced, the court made its findings of fact and conclusions of law and thereupon judgment was entered decreeing that appellant Lapique and other named parties have no right, title, or interest in the described premises, and quieting title of said Church, as against said cross-defendants Gorthy and as against said John Lapique and sundry other named persons. These findings were both dated and filed March 12, 1923, and judgment was entered on the same date.

On February 27, 1923, appellant Lapique served and filed notice of motion to be made by him on March 9, 1923, to

vacate and set aside "the findings of fact and conclusions of law, dated the 16th day of February, 1923," on certain stated grounds. At the time when said notice was given, and on March 9, 1923, there were no findings yet in existence. However, the minutes of the court show that on March 9th, the motion came on for hearing and was denied.

On March 22, 1923, Lapique gave notice of intention to move for a new trial (clerk's transcript, p. 85), fixing March 30, 1923, as the date when said motion would be made. On and after March 30th this motion was continued from time to time.

[1] On June 14, 1923, appellant Lapique filed a notice of appeal from the judgment and from the order of the said superior court "denying the plaintiffs' motion for a new trial and entered on the 8th day of June, 1923." The minutes of the court for June 8, 1923, as corrected by order shown·on the minutes of August 21, 1923, show that on June 8, 1923, "Motion for new trial was not taken up. Court not having heard the case"; that is, the judge presiding on June 8th was not the judge before whom the case had been tried. There is nothing in the record to show any direct order of the court either granting or denying the motion for a new trial, and therefore the motion (assuming that it ever was regularly presented) should be deemed to have been denied, because it was not otherwise determined within three months from the time of service of notice upon appellant of the entry of the judgment. (The change made in section 660 of the Code of Civil Procedure, by Statutes of 1923, page 233, and reducing said time limit from three months to two months, was not in force until ninety days after May 18, 1923, which was the date of adjournment of the legislative session.) The record shows by an affidavit on file that on March 13, 1923, notice to appellant, of entry of the judgment, was served by the attorneys for respondent Church, by depositing of said notice in the postoffice at Santa Ana, and addressed to appellant Lapique at his Los Angeles address. From these facts, the inference is that the motion for a new trial (assuming again that such motion was made), stands as denied on the thirteenth day of June, 1923. The service of notice was complete at the time of the deposit thereof in the postoffice. (Code Civ. Proc., sec. 1013.)

[2] In appellant's brief he first presents a list of items of alleged misconduct of the attorneys for defendants on account of which he says that a new trial should be granted. There is an absence of explanation or argument in support of these charges. For that reason we shall assume that they are not sustained by the record.

[3] Appellant next contends that the court erred in overruling plaintiff's demurrer to the cross-complaint and answer. The only point argued is that the pleading was not verified as required by law. This objection could apply only to the answer. Such an objection cannot be raised by demurrer. [4] Appellant also claims that the court erred in refusing to grant his motion to strike out the said cross-complaint and answer, which motion was made on the ground that said pleadings were sham, irrelevant, and redundant. The only reason now urged by appellant in support of his claim that the court erred in overruling said demurrer and denying said motion is that the verification of the answer and cross-complaint of the Church was void because it was made by the attorney for the Church, and purported to be made in part upon information and belief. It does not appear that this objection to the pleading was included in the motion to strike. Therefore, even treating it as a motion made by appellant, he cannot now urge this particular objection. He did answer the cross-complaint and by such answer raised issues upon which the case was tried.

[5] Appellant next attempts, apparently, to attack an order of January 2, 1923, which permitted the filing of the cross-complaint; and further to attack the allegation of the cross-complaint by which it was pleaded that the title to said land, as first acquired by Kelley and afterward transferred by him to McGuire, and held by them as trustee for the Church, was conveyed by McGuire to the Church by the deed to which we have referred in our statement concerning the pleadings. Upon the facts shown by the cross-complaint, it plainly appeared that the claim of title on the part of the Church was of such a nature that a complete determination of the controversy could not well be had without the presence of the said Church as a party to the action.

[6] Appellant contends that the *ex parte* order of the court shortening to three days the notice of time of trial was a nullity, and that for that reason the court was with-

out authority to try the case on the sixteenth day of February, 1923, and that a judgment rendered pursuant to such trial must be reversed. Section 594, of the Code of Civil Procedure provides that where the issue to be tried is an issue of fact, ''proof must first be made to the satisfaction of the court that the adverse party has had five days' notice of such trial.'' It has been held, and we assume it to be the rule, that the provision of section 594 requiring a five days' notice of the trial is mandatory, and that the court is not authorized to shorten the time of such notice. (*Cahill* v. *Verdier*, 54 Cal. App. 465 [202 Pac. 154].) [7] Appellant Lapique did not appear at the trial. It therefore appears to be established that he was entitled to the five days' notice. [8] But it further appears that the notice as actually given was a five days' notice. As we have heretofore shown, the notice was mailed on the tenth day of February. Service by mail may be made where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail. (Code Civ. Proc., sec. 1012.) The condition allowing such service by mail existed in this case. Section 1013 of the Code of Civil Procedure, after describing the manner in which the notice must be addressed and posted, provides that the service is complete at the time of the deposit. The additional provisions, requiring further time for the notice in certain instances, are not applicable to a notice of time set for trial of an action. It follows that the service of notice of trial was complete on the tenth day of February, which was fully five days before the set date of trial of the action. It may be that, as appellant claims, he did not receive the notice until the fourteenth day of February, but that does not alter the fact that the statutory notice was given. If he then chose, as he did, to remain absent from the trial, he has no valid ground of complaint that the court proceeded to try the action without his presence. (*Brown* v. *Rouse*, 115 Cal. 619, 621 [47 Pac. 601].)

[9] Appellant contends that the evidence is insufficient to support the findings, conclusions of law, and judgment; and that the court did not find upon the complaint of the plaintiff, or the answer, and therefore that the decision is against law, since the findings do not determine all of the

issues. "Inasmuch as a party may not complain of a failure to make findings when, if made, they must necessarily have been adverse to him, the one who has the burden of proof upon an issue, and who offers no evidence relative thereto, is not prejudiced by failure of the court to find upon such issue." (24 Cal. Jur., pp. 945, 946, with citations of many decisions.)   At the trial no evidence was offered on the part of appellant Lapique, and there is no evidence tending to prove any title or interest of appellant in the land.   This being so, the finding of fact concerning his claim of title, if any such finding had been made, necessarily must have been against him.   Since, therefore, he has no interest in the subject matter of the action, it cannot be a matter of interest to him that the court also granted an affirmative decree to the Church as cross-complainant, even if it be true, as he contends, that there was not sufficient evidence of cross-complainant's title to have justified such affirmative relief.

The judgment is affirmed.

Houser, J., and York, J., concurred.