[Civ. No. 9512. Second Appellate District, Division Two.—March 25, 1935.]

J. W. STARKWEATHER, Respondent, v. MINARETS MINING COMPANY (a Corporation) et al., Defendants; F. J. EDDY, Appellant.

F. J. Eddy, *in pro. per.*, for Appellant.

William M. Morse, J., and C. S. Mauk for Respondent.

WILLIS, J., *pro tem.*—In this action the sole defendant, F. J. Eddy, has appealed from an order denying his motion for a continuance of the date of trial, from a judgment entered against him for damages and from an order denying his motion to vacate and set aside said judgment.

On October 5, 1933, the attorney of record for respondent filed a memorandum setting forth the matter required by rule I of the Judicial Council, regulating the business of superior courts. On the same day the judge of the calendar department set the case for trial on October 13, 1933. On

October 6th a notice in writing addressed to ''F. J. Eddy, defendant, and to his attorney, F. E. Davis'', stating that the case described by title and number was set for trial in the calendar department on October 13, 1933, at 9:30 A. M., was sent by mail to F. E. Davis at an office address in Hollywood, and proof of such service by mail was filed October 6, 1933. On October 13, 1933, the case was called for trial in the calendar department in accordance with the rules, and transferred to department 16 for trial, Judge William J. Palmer presiding. On the same date a judgment for $3,000 damages against appellant was signed and filed, reciting that the ''cause came on regularly for trial on the 13th day of October, 1933, C. S.. Mauk and Wm. M. Morse, Jr., appearing as counsel for plaintiff, the said defendant having answered, and after due notice of the date of trial was served upon counsel for said defendant, the defendant failing to appear for trial''

■ Upon the direct attack of a judgment there is no presumption in favor of the existence of any fact essential to the jurisdiction of the court over the defendant, but in all matters of which the judgment contains a record its verity, in the absence of any contradicting evidence, will be presumed. (*Sichler* v. *Look*, 93 Cal. 600 [29 Pac. 220].) Herein it was essential to jurisdiction of the trial court in proceeding with the trial in the absence of the defendant that proof must first be made to the satisfaction of the court that the defendant had had five days' notice of such trial. (Code Civ. Proc., sec. 594.) This essential is furnished us by the record of the judgment itself, and on the face of the record it must be held that the judgment is not vulnerable to attack on appeal.

On October 20, 1933, appellant served and filed a motion to vacate and set aside the judgment on the grounds, among others, that the same was entered through mistake, inadvertence, surprise and excusable neglect of defendant, that neither defendant nor any attorney representing him, nor his attorney of record, received five days' notice of trial or any notice in excess of two days, and that no notice of motion to set the cause for trial was ever given. The motion was heard on October 25, 1933, Judge Lester Wm. Roth presiding, on affidavits and counter affidavits, and on that date denied, appellant noting an exception to the order

denying the motion. These affidavits show that on October 6, 1933, respondent's attorney mailed to F. E. Davis at Hollywood the notice reciting that trial was set for October 13, 1933; that F. E. Davis received the notice through forwarded mail delivery on October 7th; that he also received by mail, just prior to receipt of said notice, a postal card notice from the clerk of the court stating that the case was set for trial, and that on October 12, 1933, appellant called on him. On the call of the case in the calendar department on October 13, 1933, appellant appeared in person without any attorney and orally requested a continuance, stating he had only received notice of the trial on October 11th, and had no attorney at the time, and desired time to prepare for trial and secure attendance of witnesses. Continuance. was denied and the cause assigned to department 16 for immediate trial. Appellant left the calendar department and declined to attend at the trial, and trial proceeded in his absence. ▮ The record reveals that one George P. Cook was the original attorney of record for defendant in this action, and nowhere therein appears any notice or order of substitution of F. E. Davis as attorney of record, but it clearly appears that the latter had acted as attorney for defendant at the former trial and on appeal, and up to one year before October, 1933, and that no notice of his discharge or substitution had been given respondent. Under the proofs herein, as far as the notice or knowledge of respondent and his attorneys extended, F. E. Davis was the attorney for defendant in this action and the notice of trial served on such attorney was in accordance with the law (Code Civ. Proc., sec. 1015), and proof of such previous five days' notice by the affidavit of mailing thereof in the record was sufficient under section 594 of the Code of Civil Procedure to authorize the court to proceed with the trial in defendant's absence.

▮ In respect to the point that no notice of motion to set the cause for trial was given, we note a peculiar situation herein, arising from a mistake of respondent's attorneys in respect to the date of filing of the *remittitur* in the office of the clerk of the trial court, which mistake directly resulted in the omission to give previous notice of motion to set. The rules of the Judicial Council regulating the business of superior courts provide the manner of setting civil

causes for trial. By rule I it is provided that for the purpose of setting a civil cause for trial there shall be filed by a party a memorandum setting forth certain information, and that prior to the filing thereof a copy shall be served upon the attorneys for all parties, accompanied by affidavit showing such service unless admission of service is indorsed thereon, and that no cause shall be set for trial unless the memorandum shall have been served and filed. Rule VII provides that nothing in the rules shall prohibit setting for trial at any time any case which can be tried within a period of time not exceeding one hour. It appears from the affidavits used on the motion that on August 25, 1933, respondent's attorneys had caused another case between the same parties, but with a different number, to be set for trial on October 5, 1933, in the belief that they were setting this case; but on appearing on the latter date it was discovered that the wrong case had been set, as the one set had been previously terminated. Thereupon the attorneys for respondent made and filed a memorandum for setting this case, and therein stated that the time of trial thereof would not exceed one-half hour, and indorsed thereon the statement that *"remittitur"* came down from the Supreme Court on the 17th day of October, 19*33* [*sic*], and filed by the clerk of the superior court on the 19th day of October, 1930, and this case must be tried before October 17, 1933". On this showing and by reason of the provisions of rule VII above mentioned, the court set the case forthwith to be tried on October 13, 1933, without previous notice to appellant of motion to set. The order setting the case without previous notice was therefore in accordance with the rules as applied to the information set forth in the memorandum.

The foregoing conclusions narrow this appeal down to the question whether there was an abuse of discretion in denying the relief sought by appellant by his motion to vacate the judgment on the ground of mistake, surprise or excusable neglect, as authorized by section 473 of the Code of Civil Procedure. This section is a remedial provision and is to be liberally construed and applied so as to dispose of cases upon their substantial merits, and to give to the party claiming in good faith to have a substantial defense to the action an opportunity to present it. (*Weck* v. *Sucher,* 96 Cal. App. 422 [274 Pac. 579].)

 A former judgment in this case in appellant's favor was reversed on appeal on October 17, 1930. *Remittitur* was filed in the office of the clerk of the trial court on November 19, 1930. Respondent's attorneys had by mistake set another case for trial on October 5, 1933, believing it to be this case of malicious prosecution. On discovering the mistake when the case was called on October 5th, the attorneys entertained the mistaken belief that unless this case was brought to trial before October 17, 1933, it would be subject to dismissal under the mandatory provisions of section 583 of the Code of Civil Procedure. In this dilemma they stated in their setting card that the cause could be tried in one-half hour, and that the *remittitur* had been filed on October 17, 1930, and therefore the case must be tried before October 17, 1933. On this statement the court set the case for October 13, 1933, and thus placed the appellant in a dilemma. The scene of the act constituting the cause of action was in Mono County, and the acts occurred some twelve years before. It is obvious that appellant was taken by surprise, and it is patent that he could not very well prepare for trial within two days. Appellant as well as the court was misled by the statement that the *remittitur* was filed on October 17, 1930, and it is apparent that the court, in denying the request for a continuance, relied on the statement that unless the case was tried prior to October 17, 1933, it would be subject to dismissal. If the court had known, or if appellant had known or been advised, that there was still another month within which to try the case, the dilemma of each of the parties could have been cured by a continuance. Had appellant possessed the services of an attorney or had had sufficient knowledge of procedure in courts, and had not been misled by the statement of respondent's attorneys as to the date of filing of *remittitur*, he might have made an appropriate and successful motion for continuance. His neglect to make the motion in the manner required by law and to call the court's attention to the mistake as to date of filing the *remittitur* was, under the circumstances, excusable. As a direct result of the two consecutive mistakes of respondent's attorneys, appellant was placed in a corner from which he failed to escape, and a judgment of $3,000 was entered against him without the opportunity of presenting a defense. Considering the case in

the light of all these circumstances, which are manifest in the record used on the motion to vacate this judgment, we are of the opinion that the court erred in denying that motion. We reach these conclusions and grant this relief to appellant under the urge of a sense of strict and impartial justice, despite his intemperate disquisition on the subject of administration of justice in courts and his diatribe on the subject of lawyers and law practice which he mistakenly imposed upon this court in his briefs, prepared and filed by him *in propria persona.*

The appeal from the order denying a continuance is dismissed for lack of subject matter. The order denying the motion to vacate the judgment is reversed and the cause remanded with directions to enter an order vacating the judgment.

Stephens, P. J., and Crail, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 24, 1935.