[Civ. No. 14213. First Dist., Div. One. Apr. 24, 1950.]

M. SIMON, Appellant, v. T. A. TOMASINI, Respondent.

Joseph A. Brown for Appellant.

Howard C. Ellis and Bernard B. Glickfeld for Respondent.

BRAY, J.—In an action for attorneys' fees and expenses, the superior court, after judgment in favor of plaintiff in the sum of $100,000 together with interest thereon for over seven years, made an order granting a motion for new trial. Plaintiff appealed from that order.

### QUESTION PRESENTED

Where a memorandum of motion to set has been filed and notice of trial given, and thereafter the case is kept upon the ready calendar for a period of almost two years, is defendant entitled to notice of the date finally assigned for trial?

### FACTS

There is very little dispute as to the facts. On September 15, 1941, plaintiff filed suit for attorneys' fees and expenses claimed to be due plaintiff's assignors. There were two causes of action: (1) for the reasonable value of the services, alleged to be $100,000, and for expenses incurred in the sum of $1,250; (2) for the agreed value of said services in said sum of $100,-000, and for expenses in said sum of $1,250. Defendant filed a demurrer which was overruled. On April 30, 1942, defendant filed his answer alleging, in effect, that the agreement

to pay attorneys' fees was contingent upon certain results being attained, and that they were not attained, and denying that any sums were due or owing. On August 31, 1943, the parties stipulated in writing "that all objections which can or might be made by the defendant in the above entitled action or any motion or motions to dismiss for lack of prosecution are hereby waived, and it is hereby expressly stipulated that no advantage will hereafter be taken because the above entitled action has not been brought to trial for the reason that, by stipulation of the parties, due to the absence from San Francisco of the defendant and or his Attorney, the above entitled action has been deferred for trial. It Is Further Stipulated that any and all objections that can or may hereafter be made that this action has not been brought to trial within five years is expressly waived."

The register of actions shows that on February 3, 1946, a memorandum to set and affidavit of mailing was filed. On April 9, 1946, notice for trial April 26 was filed. On October 21 the deposition of Curtis Hillyer, one of plaintiff's assignors, was filed. Nothing occurred of record until April 16, 1948, when the cause was assigned to a department to be tried the same day. No one appeared to represent defendant. The deposition of Hillyer was offered in evidence and the testimony of Attorney Gottesfeld taken. The cause was thereupon submitted. On November 10, 1948, judgment was signed and entered, reciting that due notice of the time and place of trial had been given, that defendant had failed to appear, and judgment was given to plaintiff for $100,000 plus interest at 7 per cent from September 15, 1941.

Thirteen days after the submission of the case, namely, on April 29, 1948, defendant filed a notice of motion to reopen the case for hearing and trial upon the ground that the matter had been heard and taken against defendant without notice and through his mistake and inadvertence. The hearing was had May 7 upon affidavits. Defendant presented three affidavits, one by himself, one by Attorney Olds and one by Attorney Ellis. Defendant's own affidavit stated that his attorney of record at the time of filing the answer was Attorney Olds; that a memorandum to set the cause for trial was filed in July, 1943; that at that time plaintiff's attorney Joseph A. Brown, defendant and his attorney Olds entered into a certain stipulation (the one hereinbefore set forth) ; that at said time the matter was dropped from the calendar because Attorney

Olds had planned to absent himself from the state "for some time"; that on February 13, 1946, plaintiff filed another memorandum to set the cause for trial; that on April 9 a notice was addressed to Attorney Olds at 25 California Street, San Francisco, and that on April 22, 1946, notice of setting for trial was sent to defendant; that defendant believes and therefore alleges that the cause "was dropped from calendar and placed on the Superior Court ready calendar"; that Olds was absent from the state, being located in Princeton, Kentucky; that defendant is informed and believes, and therefore alleges, that on or about April 16, 1948, plaintiff proceeded without notice to defendant or to Attorney Olds to present evidence to department 8 of the superior court; that defendant has a meritorious defense and that "plaintiff has improperly, and in deprivation of defendant's right to be heard on the merits of the case, attempted to 'railroad' " the matter to trial; that defendant has always maintained a business address at 209 Post Street, San Francisco, and a telephone number available in the San Francisco phone directory; that plaintiff well knew that defendant's attorney Olds was without the state of California; that defendant desires the case reopened to be heard on its merits and desires to contact Attorney Olds and have him present at the trial.

The affidavit of Attorney Olds stated that he is the attorney of record for defendant; that he left San Francisco for Kentucky in 1943 for reasons of bad health. He referred to the stipulation hereinbefore set forth. He then stated that it was understood by him, defendant, and plaintiff's attorney Brown that no action to bring the case to trial would be taken until "affiant had been properly notified and . . . was in a position to return from Kentucky"; that affiant, since he left California, has resided in Princeton, Kentucky, and that at no time had he received any notice of trial or any communication of any kind from the plaintiff, her assignors or their attorneys, since 1943.

The affidavit of Attorney Ellis stated that he was representing defendant for the purpose of reopening the trial of the case; that he is informed by Attorney Olds that he will be in California in late June ready and able to appear in the trial of the case; that "late in the afternoon" of April 15, 1948, affiant called Attorney Gottesfeld's phone number and talked to Attorney Brown who answered the phone, and was told for the first time that this case would be tried the following morning, April 16; that affiant told Brown that was not sufficient notice

and he could not appear "in any event at that time"; that Brown then stated that Ellis was not the attorney of record and therefore "no notice was necessary in his case," in which statement affiant agreed. Affiant then asked Brown if the parties had been served in due course and to the best of his recollection was informed that they were not required to ascertain Olds' whereabouts or to serve him out of the state, but that they had served defendant in due time. Affiant then asked Brown to continue the matter and was informed that it would not be continued and thereupon affiant stated that under the circumstances there was apparently nothing he could do about it at this time; that in the morning mail of April 16 affiant received a copy of notice to produce certain records and documents, and not having any of them affiant did not appear in answer thereto.

In opposition to these affidavits plaintiff presented two affidavits of Attorney Brown and an affidavit of Attorney Gottesfeld. The affidavits of Attorney Brown stated that he was plaintiff's attorney in this action; that he never discussed with defendant or with Attorney Olds any matters "in regards to the handling of this case" and that there was no understanding at any time between him and them that "neither plaintiff or defendant would take advantage of the other" (defendant in his affidavit had stated that there was such understanding); that no advantage was taken of defendant or his attorney; that on April 22, 1946, a notice was sent to both Attorney Olds and defendant. A copy of this notice is attached to the affidavit. It is directed to defendant and states that the case has been set for trial for April 26, 1946, and notifies defendant to procure another attorney to represent defendant, inasmuch as his former attorney "has become inactive under the State Bar and has left the State of California . . ." The notice further states that previous notices have been sent to his former attorney in Kentucky and a copy of this notice is being served on the county clerk. It advises defendant "to protect your interests at once." The affidavit then sets forth a letter written by Attorney Howard C. Ellis. This letter is dated May 21, 1946, addressed to Attorney Brown. It reads: "Mr. T. A. Tomasini has come in to me with a voluminous file in connection with some bridge project, and more particularly in relation to a notice of time and place of trial. As you know, the attorney of record in this matter is Frederick Olds, and that he is in Kentucky at the present time. I find that the matter could

be called up for trial at any moment, and my calendar and position do not make it possible for me to even familiarize myself with this case sufficiently to appear in any connection therewith prior to the fall calendar, at which time I expect and have been informed Mr. Olds will be here to carry the laboring oar. I therefore will appreciate it if you will agree with me by stipulation that the matter be set over for trial for the fall calendar or be put on the August motion to set calendar for early hearing this fall. Your courtesy and cooperation will be greatly appreciated.'' The affidavit then states ''that in accordance with and with the knowledge of the defendant the matter was not tried but remained on the ready calendar; that affiant had nothing to do with the above case going to trial on April 16, 1946; that the first he knew that the case was going to be assigned to a department for trial on April 16th, 1946, when he received a notice from the Clerk of this court advising him that the case will go out on that date; that he received a call from Mr. Ellis, who purported to represent Mr. Tomasini, and the following conversation took place between affiant and Mr. Ellis: 'That the said Ellis had called to talk to Mr. Gottesfeld but in view of his absence from the office he would talk to affiant; that he was not concerned in the trial which was to take place either two or three days away and wasn't the attorney in the matter for the purposes of trial and so far as he was concerned the matter could proceed to trial and that he would not be at the trial.' That on the 14th day of April, 1948, a Notice to Produce certain documents at the trial was sent to Mr. Ellis and Mr. Tomasini. It is significant to note that Mr. Tomasini, in his affidavit makes no reference to such Notice to Produce which was received by Mr. Ellis and by the defendant prior to the trial of the case. Affiant believes that both Mr. Tomasini and Mr. Ellis had sufficient time and notice to appear and try this case.'' The affidavit then states that affiant never discussed with Attorney Olds any matter in connection with this case, and that there never was any conversation between him and Olds (as set forth in Olds' affidavit) '' 'that no action to bring the above entitled matter to trial would be taken until Mr. Olds had been properly notified and until Mr. Olds was in a position to return from Kentucky.' ''

The affidavit of Attorney Gottesfeld stated that he is one of the assignors in this action; that the reason the stipulation (heretofore set forth) was entered into was so that plaintiff would suffer no damage in consenting to defendant's attor-

ney's request for delay in the trial of the case; that there was no understanding at any time that neither defendant nor plaintiff would take advantage of the other. Affiant denied that by bringing the matter to trial after more than six years from issue joined any advantage had been taken; alleged that due notice had been given to defendant (referring to the notices mentioned in Brown's affidavit); "that the record of this court marked Exhibit 'C' will indicate that this case was never dropped from the calendar and was carried on the ready calendar of this court, after notice to the defendant and his attorney. The placing of this case on the ready trial calendar was not arranged for by the plaintiff and her attorney; that said case was tried pursuant to a notice by the clerk of this Court that said case was ready for trial and would be sent to a department for trial on April 16th, 1948."

The trial court denied the motion to reopen. After judgment, defendant moved for a new trial on the following grounds: "(1) Irregularity in the proceedings of the Court and order of the Court denying defendant right to reopen trial after submission of plaintiff's case, by which defendant was prevented from having a fair trial. (2) Accident and surprise which ordinary prudence on the part of the defendant could not have guarded against. (3) Insufficiency of the evidence to justify the decision of the Court. (4) Error in law occurring, and refusal of the above entitled Court to grant non-suit for defendant." The affidavit of defendant was filed which set forth the same matters which were in his affidavit on motion to reopen, in addition to which he denied receiving any notice of the time of trial. Plaintiff filed affidavits by Attorneys Brown and Gottesfeld which were substantially the same as those filed on the motion to reopen. The court's order granting the new trial merely states: ". . . It Is Ordered that the motion for a new trial be and the same is hereby granted."

In view of the form of the court's order, it must be conclusively presumed that the order was not based upon insufficiency of the evidence. (Code Civ. Proc., § 657.) On what ground the court granted the new trial does not appear. Defendant contends that it was because of his contention that no notice of trial was received by defendant and because the court should have granted the motion to reopen. If the court, in denying the motion to reopen, did not abuse its discretion, it could not, on motion for new trial, decide that it would

have been wiser for it to have ruled the other way and therefore grant a new trial. However, it is unnecessary to discuss this phase of the ruling, for the reason that it appears on the face of the proceedings that no notice of the time of trial as required by law was given defendant, and hence the court had no jurisdiction to proceed with the trial. The right to have the case reopened, or now, a new trial, is a matter of right in the defendant and is not a matter of discretion for the court. The refusal of the court on an application filed and heard after submission and before decision, to reopen the case, where the required notice of trial had not been given, deprived defendant of a fundamental right.

Section 594 of the Code of Civil Procedure provides that "either party may bring an issue to trial . . . in the absence of the adverse party, . . . *provided, however,* if the issue to be tried is an issue of fact, *proof must be made to the satisfaction of the court that the adverse party has has five days' notice of such trial."*

Rule IX of the Rules of the Superior Court adopted by the Judicial Council, effective February 1, 1929 (204 Cal. lxix, at lxxiii) provides: "The moving party shall promptly serve upon all other parties written notice of the date of trial, and, in any event, not less than five (5) days' notice of such trial shall be given. Unless such service is admitted, proof thereof must be made by affidavit."

The record does not show when or how the case was set for trial for April 16, 1948. On April 16, the date of trial, the record did not show and does not now show that any notice of trial had been given. All that occurred was that at the opening of the trial, the court inquired "Where is Mr. Olds?" Mr. Brown replied, "I don't know, your Honor; he was duly served." Apparently the court tried to get in touch with defendant, for the following appears in the transcript of the hearing of the motion for new trial: "THE COURT: That transcript is not complete, in that at the end of it, when I asked the question, 'Where is Mr. Tomasini?' I said that we put it over, and I said myself I did not know how many telephone calls were made to try to locate him. That is not in the transcript. It should be in the transcript." Informing Mr. Ellis, the day before the trial, and sending a notice to produce the day of the trial did not constitute the notice required by section 594 and the court rules. Therefore the court had no jurisdiction to proceed to try the case, and should have granted

the motion to reopen. The court had the power, and was required, to grant the motion for new trial on the ground that the lack of notice to the defendant, as required by law, constituted an ''Irregularity in the proceedings of the court . . . by which either party was prevented from having a fair trial.'' (Code Civ. Proc., § 657, subd. 1.)

Failure to give the five days' notice of trial required by section 594 is ''an error of law which was properly corrected by granting the motion for a new trial. (*Hurley* v. *Lake County*, 113 Cal.App. 291, 295 [298 P. 123].)'' (*Smith* v. *Halstead*, 88 Cal.App.2d 638, 641 [199 P.2d 379].) (Accord, that such notice is mandatory: see *Beal* v. *Superior Court*, 78 Cal.App. 33 [247 P. 922]; *Lapique* v. *Kelley*, 82 Cal.App. 586 [256 P. 229]; *Cahill* v. *Verdier*, 54 Cal.App. 465 [202 P. 154].)

Where a case is held on the ready calendar for almost two years, a party is entitled to rely on the requirement that when it is finally assigned a day for trial he will receive the five days' notice provided by law. The record disclosed that defendant did not receive it, nor was it given. Plaintiff relies upon the notice of trial given in 1946, when a trial date was set, but the case, by agreement, was not tried then, but placed on the ready calendar to be tried later. Plaintiff also relies upon the oral notice given Attorney Ellis the day before the trial and the notice to produce which was mailed out only two days before the trial and received by Ellis on the day of the trial. Neither of these could take the place of the statutory notice and that required by the rules of court, nor does the fact that the court tried several times to reach defendant by telephone. It would be a travesty on justice to permit a judgment of $100,000 plus interest to date of judgment, amounting to some $49,000, to stand against a defendant who has not been given the legal notice of the date of trial.

The failure to give the required notice of time of trial is jurisdictional. Hence the ruling of the court on the motion to reopen was erroneous, not as an abuse of discretion but as a denial of a matter of right.

That portion of the motion to reopen which was based on claimed inadvertence and mistake was a matter to be decided in the discretion of the court, and failure to appeal from the judgment bars defendant from the right to claim an abuse of that discretion, but defendant's right to raise the jurisdictional

question of lack of notice is not barred by his failure to appeal, as that can be raised at any time.

The order is affirmed.

Peters, P. J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 22, 1950.   Carter, J., voted for a hearing.