[Civ. No. 21590. Second Dist., Div. Three. Oct. 22, 1956.]

MARY HELEN GORDON, Respondent, v. JAMES C. GORDON, Appellant.

Charles T. Lester for Appellant.

Caryl Warner for Respondent.

SHINN, P. J.—This is an appeal from an order granting plaintiff a new trial in an action for divorce.

On June 10, 1954, plaintiff, through her then attorney, A. A. Goldstone, filed an action for divorce charging defendant with extreme cruelty. She sought all the community property, reasonable support for herself and their minor son, and custody of the child. Defendant answered and cross-complained, likewise seeking custody of the child and all the community property. Plaintiff answered the cross-complaint.

On September 16, 1954, Lester, defendant's counsel, filed a memorandum for setting for trial, which was served by mail on Attorney Goldstone. By minute order entered December 27, 1954, the case was set for trial on April 7, 1955. Notice of trial was served by mail on Attorney Goldstone on December 29, 1954, and filed on December 31, 1954. Upon receipt of the notice, Goldstone notified Attorney Lester that he no longer represented plaintiff, that plaintiff was being represented by Jerry Giesler, and that he had forwarded the notice to Giesler's office. On January 3, 1955, Attorney Lester learned from Giesler's office that Mr. Giesler was not representing plaintiff and that she was appearing in propria persona. Two substitutions of attorneys, from Goldstone to Giesler, and from Giesler to plaintiff, were filed on December 31, 1954, but neither was served on Attorney Lester.

On March 25, 1955, Attorney Lester caused another notice of trial to be mailed to plaintiff, in propria persona, at 300 North Garfield, Alhambra, California, which was the business address of plaintiff's mother's employer. An affidavit of service by mail was filed on April 7th, the case was called for trial in the master calendar department, and plaintiff having failed to appear, it was transferred to the short cause department to be heard as a default matter. Attorney Lester informed the court below that "although I gave notice of trial, nobody appeared." The court thereupon proceeded to hear evidence on defendant's cross-complaint, and at the conclusion of the testimony granted defendant an interlocutory decree, awarding him the community property, including all real and personal property, and custody of the two-year-old child. The decree recites, *inter alia,* that plaintiff had been duly served with notice of trial, but did not appear, either in person or by counsel.

Subsequently thereto, plaintiff, through her present counsel, made a motion for a new trial on the grounds that she was not served with a written notice of trial and that she had

no actual notice of the trial of the cause on April 7, 1955. The motion was granted.

By affidavit of plaintiff filed in support of her motion she averred that she substituted Attorney Goldstone out of the case on December 15, 1954 (prior to the mailing of the first notice of trial) and that thereafter he was no longer her attorney of record. She also averred that she never received the second notice of trial which was allegedly mailed to the Alhambra address and that her mother told her that such notice was never received there. Her mother averred that had a notice of trial been mailed to that address, she would have received it and forwarded it to plaintiff, and that no notice of trial was ever mailed to that address. In this connection, plaintiff states in her brief that Attorney Lester admitted at the hearing of the motion for a new trial that the second notice of trial had been returned undelivered by the United States mail and that Attorney Lester exhibited the returned envelope to the court; he also admitted that Attorney Goldstone told him that his substitution out of the case had occurred prior to receipt of the first notice of trial. These statements are not contradicted by defendant in his reply brief.

The counteraffidavit of Attorney Lester set forth the chronology of events to which we have already referred. It also stated that the court had granted defendant the right to see his son on alternate Sundays, that on plaintiff's refusal to comply with the order a bench warrant was issued on January 4, 1955, and that the true reason for plaintiff's failure to appear at the trial was to avoid service of the warrant.

The sole question involved on this appeal is whether the court abused its discretion in granting the motion. Section 594, subdivision 1 of the Code of Civil Procedure requires the service of notice of trial and when the adverse party fails to appear, proof of service. Compliance with this section is mandatory. (*Simon* v. *Tomasini,* 97 Cal.App.2d 115 [217 P.2d 488]; *Lapique* v. *Kelley,* 82 Cal.App. 586 [256 P. 229]; *Beal* v. *Superior Court,* 78 Cal.App. 33 [247 P. 922].) And failure to give the five days' notice contemplated by the statute is a proper ground for the granting of a new trial, either on the theory that there has been an "error in law" (*Smith* v. *Halstead,* 88 Cal.App.2d 638, 641 [199 P.2d 379]; Code Civ. Proc., § 657, subd. 7) or on the theory that the lack of notice constituted an " 'Irregularity in the proceedings of the court . . . by which either party was prevented from

having a fair trial.' (Code Civ. Proc., § 657, subd. 1.)''
(*Simon* v. *Tomasini, supra,* 97 Cal.App.2d 115, 123.)

Defendant contends that due and timely notice of the trial was given by the service of notice of trial on Goldstone, who was then plaintiff's attorney of record. In this connection, he relies on sections 284, subdivision 1, and 285 of the Code of Civil Procedure. The former provides that: ''The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: 1. Upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; . . .'' The latter provides that: ''When an attorney is changed, as provided in the last section, written notice of the change and of the substitution of a new attorney, or of the appearance of the party in person, must be given to the adverse party. Until then he must recognize the former attorney.'' It is defendant's position that service of the notice on Attorney Goldstone prior to the time defendant received written notification of the substitution of attorneys was binding on plaintiff under the above-quoted code sections, citing *Starkweather* v. *Minarets Min. Co.,* 5 Cal.App.2d 501, 504 [43 P.2d 321]; *Sherman* v. *Panno,* 129 Cal.App.2d 375, 378-379 [277 P.2d 80]; *Reynolds* v. *Reynolds,* 21 Cal.2d 580, 584 [134 P.2d 251] and *Carrara* v. *Carrara,* 121 Cal.App.2d 59, 61 [262 P.2d 591]. But there is more involved here than merely a question of technical compliance with the statute.

Before the court could proceed with the trial on April 7, 1955, satisfactory proof of notice to plaintiff was mandatory. At that time, the court had before it the two notices of trial and the two affidavits of service by mail. The only reference to notice in the reporter's transcript of the trial is Attorney Lester's statement that ''although I gave notice of trial, nobody appeared.'' Attorney Lester did not disclose to the court at the trial the communications from Attorney Goldstone and Attorney Giesler's office, by which he learned, within a few days of the service of the first notice, that plaintiff was without counsel.

Concealment from the court of the facts that Attorneys Goldstone and Giesler had been released as plaintiff's attorneys before the first notice was given, that Attorney Lester knew of their release, and the further fact that the second notice had not been received by plaintiff fully justified the court in granting plaintiff's motion.

The action of the court in granting the motion when the

facts were disclosed indicates beyond peradventure that had they been disclosed at the time the matter came on for trial the court would have ruled that sufficient notice had not been given and would not have proceeded with the trial.

Regardless of any question of the legal sufficiency of either notice of trial it is clear to us that Attorney Lester had a duty to inform the court that one notice was served on an attorney whose employment had been terminated by plaintiff, that the other notice had not been received by plaintiff and that she had no actual notice of the time of trial. The trial court obviously was of the same opinion.

When a trial judge in a proper proceeding vacates a judgment he has rendered in ignorance of material facts which he believes a party had a duty to disclose to him, and which, if known to him, would have caused him to refrain from ordering the judgment, we will not question his action. The order under review represents, in our opinion, an eminently proper exercise of discretion. It would have been surprising to us if, under the circumstances, the court had suffered plaintiff to lose by default her marital rights, including the custody of the child. We deem the appeal from the order frivolous and deserving of a penalty by way of costs of $100.

The order is affirmed, plaintiff to have $100 additional as costs.

Wood (Parker), J., and Vallée, J., concurred.