353 P.2d 1066

**Betty Jean HOEFER, Plaintiff-Appellee,**

**v.**

**James Richard HOEFER, Defendant-Appellant.**

**No. 6598.**

Supreme Court of New Mexico.

June 29, 1960.

C. C. Chase, Jr., Alamogordo, for appellee.

MOISE, Justice.

This case involves the question of whether or not the district court of Otero County, New Mexico, properly entered an order granting custody of the minor child of the parties to the appellee-wife, when a court in Kansas had previously entered an order granting the custody to the appellant-husband.

The facts out of which the dispute arose are as follows. Appellant-husband and appellee-wife were previously married and one child had been born as a result of this marriage. The child, Mark Richard Hoefer, was seventeen months old when his parents were granted an interlocutory decree of divorce in the district court of Reno County, Kansas, in October, 1955. The custody of the minor child was at that time placed with the paternal grandmother by stipulation of the parties. Thereafter, on March 30, 1956, on petition of appellee the custody order was changed so that appellee was given the custody, subject, however, to a provision that the child not be removed from the jurisdiction of the court without first having obtained a court order. In March, 1957, appellee left the minor child with her mother in Kansas, and came to Alamogordo, Otero County, New Mexico, to work. In the summer of 1958, appellee brought the minor child with her to New

Shipley, Seller & Whorton, Alamogordo, for appellant.

Mexico and upon her failure to return him after the passage of some two months, the appellant, on August 18, 1958, asked the Kansas court to change the custody and grant the same to him. This motion was set for hearing on September 12, 1958, at which time one Arthur H. Snyder, who had been appellee's attorney of record in the divorce proceedings, appeared on behalf of appellee and asked a continuance to October 1, 1958. This was denied, but a continuance to September 20, 1958, was granted. On that date, the Kansas court changed the custody order, granting full custody to appellant, and finding appellee was not a proper person to have the custody. At this hearing on September 20, 1958, Arthur H. Snyder did not appear, but advised the court that he no longer represented appellee.

On September 19, 1958, the day before the date set for hearing on the motion in Kansas, appellee filed this action alleging that she was a resident of New Mexico, and that the minor child resides with her, that appellant was undertaking to have the custody decree modified in the state of Kansas, that she had not been served with any process, that she is a fit and proper person to have the custody, and that to prevent appellant from attempting to remove the minor child from the jurisdiction of the New Mexico court she should be granted the temporary custody of the child pending hearing and then be granted perma-

nent custody. Thereafter, appellant filed his answer setting up the Kansas proceedings, including an order entered September 20, 1958, finding appellee to be an improper person to have the custody and granting the same to appellant, and filed a counterclaim asserting full faith and credit should be given the Kansas order. A hearing was had on this state of the record and the court after making findings of fact and conclusions of law entered an order granting the custody to the appellee and ordering appellant to contribute monthly to the support and maintenance of the child. Appellant has appealed setting up four claimed errors as follows:

1. "The appearance of this Plaintiff as Defendant in the Reno County, Kansas Court at the hearing on September 12, 1958, was a general appearance, and the Kansas Court had complete jurisdiction to render the judgment of September 20, 1958.

2. "The judgment of the District Court of Reno County, Kansas, made on September 20, 1958, being regular and valid on its face, was not subject to collateral attack in the absence of a pleading alleging fraud or lack of jurisdiction.

3. "The judgment of the District Court of Reno County, Kansas, made on September 20th, was res judicata as to all matters affecting the custody

of the minor child of the parties at that time and effectually barred further prosecution of the Otero County case between these parties as to the matters adjudicated by the Kansas Court.

4. "By reason of the judgment of the Kansas Court on September 20, 1958, all questions involved in Plaintiff's petition were moot and the Trial Court should have dismissed her case and ordered the child delivered to the Defendant under his Cross-Complaint."

■ Concerning point 1 and the effect of the appearance of Mr. Snyder to ask for a continuance of the matter, it should be sufficient answer to appellant's contention to cite the case of Kruse v. Kruse, 150 Kan. 946, 96 P.2d 849, syllabus 1 of which reads as follows:

"Where husband brought suit for divorce in Missouri where he and his wife were then domiciled, and Missouri court gave custody of child to the wife, but thereafter entered a decree giving custody of child to husband while child was in Kansas where wife took child after divorce, child's domicile was in Kansas, and Missouri court did not thereafter acquire jurisdiction over child on husband's subsequent proceeding to have decree modified, though wife filed a motion for continuance therein."

It seems to us that points 2, 3 and 4 can best be discussed together as they raise the question of the legal effect of the Kansas custody decree and the order purporting to modify it entered September 20, 1958. Can such decrees and orders be attacked collaterally in the absence of a pleading of fraud or lack of jurisdiction, and are they res judicata so as to bar prosecution of the case in the Otero County district court, and were the questions raised by appellee's petition moot by virtue of the order of the Kansas court on September 20, 1958?

Appellant places principal reliance upon the decision of this Court in the case of Wise v. Wise, 55 N.M. 461, 235 P.2d 529. However, we do not consider that case to be controlling, the question there involved being one of jurisdiction of the New Mexico court to entertain a divorce proceeding and questions of child custody when an interlocutory decree had already been entered in California which order became final while the appeal was pending. The court held the question to be moot.

However, we do not consider this case controlling under the facts here present. The cases of Mylius v. Cargill, 19 N.M. 278, 142 P. 918, L.R.A.1915B, 154; Payton v. Payton, 29 N.M. 618, 225 P. 576; Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487, and Albright v. Albright, 45 N.M. 302, 115 P. 2d 59, 60, all discuss certain aspects of ju-

risdiction and powers of courts when custody decrees of sister states are brought into question.

Of these Albright v. Albright, supra, is closest on its facts. In that case we recognized that full faith and credit must be given under certain circumstances to decrees of sister states. We also pointed out that it was no denial of full faith and credit when upon a showing of changed circumstances a change of custody was decreed, and stated that "only such changed circumstances which, in the mind of the court and with the best interest of the child as the one consideration, clearly persuaded in favor of a change in custody, would justify its decree so directing."

The instant case, however, does not involve any issue of changing a prior custody order of a sister state. Rather, the question is one of the right of the New Mexico court to pass upon the question of custody in a situation where the Kansas court which had first granted custody to the mother, later modified that decree to give the custody to the father, after the mother in good faith had changed her domicile and also the domicile of the child to the state of New Mexico.

Aside from any prior decisions by this Court, the Supreme Court of Kansas has clearly laid down the rules applicable in that court in the cases of In re Bort, 25 Kan. 308; Wear v. Wear, 130 Kan. 205, 285 P. 606, 72 A.L.R. 425; Kruse v. Kruse, supra; White v. White, 160 Kan. 32, 159 P.2d 461; Coats v. Coats, 161 Kan. 307, 167 P.2d 290; Leach v. Leach, 184 Kan. 335, 336 P.2d 425, 428.

The last of these cases is particularly interesting in that it involves a 1959 decision by the Supreme Court of Kansas arising out of an effort by a mother of a child divorced in Kansas to obtain a modification of a custody order concerning the child who was physically with his father in the state of New Mexico. The court clearly held that the father having the custody was free to change his domicile and that of the child, and accordingly jurisdiction was lost by the Kansas court. That is exactly what happened here. Appellee had the custody and came to New Mexico where she established a residence. The child thereupon acquired domicile in New Mexico and under the Kansas decisions, Kansas lost jurisdiction to change the custody order.

In this latter case the court had the following to say:

"* * * this continuing jurisdiction is to obtain as long as the children are domiciled in Kansas, but the court can have no extraterritorial jurisdiction which conflicts with the jurisdiction of the courts of another state where the children may have become domiciled subsequent to the custody orders entered by the courts of Kansas. Any attempt on the part of our courts to

assert continuing jurisdiction over children domiciled in sister states would be unseemly, and such orders would not be entitled to full faith and credit in the courts of any state * * *."

In this conclusion it was following the earlier case of Kruse v. Kruse, supra, from which the following pertinent language is quoted:

"A parent to whom the custody of a child has been awarded often takes the child into another state and there establishes a new domicile. Where such migration occurs and the child has acquired a new domicile, a decree for the custody of the child in a state where the child is neither resident nor domiciled is void for lack of jurisdiction."

That it makes no difference that the child was kept in New Mexico in violation of the order of the Kansas court prohibiting removal of the child from the jurisdiction of the Kansas court would seem to be clear from Griffin v. Griffin, 95 Or. 78, 187 P. 598. See, also, "The Progress of the Law" by Joseph H. Beale, 34 Harv.L.R. 50 (1920). Both Griffin v. Griffin, supra, and the article in 34 Harv.L.R. are cited with approval in Kruse v. Kruse, supra.

The rule thus announced and followed in Kansas is stated to be the correct one by Joseph H. Beale in his Treatise on Conflicts of Laws (1935), Sec. 144.3, which contains the following:

"If after a divorce the party to whom custody was given removes with the child to another state, this would seem to give the second state jurisdiction over the custody, and put an end to the jurisdiction of the first state, for after the divorce each party may change domicile at will, and the child's domicile changes with that of the parent in whose custody he has been placed."

Restatement of the Law, Conflict of Laws, § 117, states that jurisdiction to determine custody is contingent on domicile of the person placed under custody being within the state, and § 32 states that the domicile of a minor child where the parents are divorced is that of the parent who is given legal custody.

Thus it is seen that the rules as stated confirm the quotation from Beale, supra.

We could be satisfied with the result which follows from the law as above explained, and merely enter our order affirming the lower court's action in denying full faith and credit to the order modifying custody on September 20, 1958, the date the custody was attempted to be changed. However, we feel we should note that there is considerable disagreement among the courts, and the rules as above outlined are in no sense uniformly applied. See 10 Law and Contemporary Problems 819, where the whole basis for the rules is analyzed and some contrary conclusions reached. The notes in 70 A.L.R. 526, 4 A.L.R.2d 7, and

9 A.L.R.2d 434, are in point on this conflict, and are most interesting, and the note in 80 U. of Pa.L.R. 712 is also helpful and instructive.

■ The author of the treatise entitled "Interstate Recognition of Custody Decrees" appearing in 51 Mich.L.R. 345, sets up three different reasons asserted by various courts for not giving full faith and credit to foreign custody decrees, viz., lack of jurisdiction, change of circumstances, and independent investigation which he also denominates the Kansas rule. Although the assertions attributed to the Kansas court are certainly susceptible to the interpretation given, it could also be asserted that lack of jurisdiction is another basis, as witness the statements, supra, from Leach v. Leach and Kruse v. Kruse. Be all this as it may, it is not necessary for us to adopt or reject any of these theories. It is sufficient basis for our conclusions to merely determine that being domiciled in good faith in New Mexico, the New Mexico court had jurisdiction to enter a decree granting the mother custody of the child which was legally in her custody when she came to this state. See People ex rel. Wagner v. Torrence, 94 Colo. 47, 27 P.2d 1038, a case almost identical with the instant case on its facts. Also, Hodgen v. Byrne, 105 Colo. 410, 98 P.2d 1000.

We should also mention that we have not overlooked the recent decision in the case of Kovacs v. Brewer, 356 U.S. 604, 78 S.Ct. 963, 966, 2 L.Ed.2d 1008, and accept the statement therein that the court did not "expressly or impliedly" indicate any views on the constitutional question there involved.

Our only hesitancy in following the authorities hereinbefore set forth lies in our concern that the rule may serve to invite disgruntled parents to leave the state where they have been denied custody and attempt to establish domicile in New Mexico in the hope of getting more favorable treatment by submitting their right to custody to the New Mexico court when a child comes to visit them, or is temporarily in the state. However, we do not see in these possibilities any real danger. The situation supposed is materially different from the instant case where the mother had the legal custody when she came to New Mexico, and all she has done is to submit the question of the custody to the court of her domicile and obtain an order confirming that custody. The court found her to be a proper person to have custody and that the child's welfare dictated that she have it. The husband placed his reliance on the Kansas decree as modified. The lower court having jurisdiction and having determined the best interests of the child, there was no error in its refusal to be bound by the modified custody order. Its decree will accordingly be affirmed.

It is so ordered.

McGHEE, C. J., and COMPTON, CARMODY and CHAVEZ, JJ., concur.