[S. F. No. 20930. In Bank. June 13, 1963.]

DORINE MARKS CHAFFEY, Plaintiff and Respondent, v. WARREN TREMLETT CHAFFEY, Defendant and Appellant.

Angell, Adams, Gochnauer, Elder & Holmes, Philip H. Angell, Jr., George Franklyn Duke and Scott Elder for Defendant and Appellant.

Robert A. Kaiser and John E. Nolan for Plaintiff and Respondent.

SCHAUER, J.—In this child custody case defendant father appeals from an order which modifies a previous judgment by transferring custody of the three minor children of the parties from defendant to plaintiff. Defendant was also ordered to make payments to plaintiff for support of the children. We have concluded that the order appealed from should be reversed for failure of the trial court to give fair consideration to defendant's plea for a stay of proceedings under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940.

In August 1957 defendant was granted a divorce from plaintiff by the Circuit Court of the Territory of Hawaii, as well as custody of the three children, then aged 1 year, 2½ years, and 4 years, respectively. In October 1957 plaintiff and her present husband, Mr. Foster, then a member of the United States Air Force, were married and established their residence in Petaluma, California. Defendant, who was also

a member of the Air Force, was then residing with the children at the home of his parents in Oakland, California. Plaintiff and the children visited together frequently, both at the Oakland address and in plaintiff's own home.

In December 1958 plaintiff filed in the superior court in Alameda County an application for change of custody of the children to herself. In December 1959 that court determined that defendant had provided a good home for the children and was a fit and proper person to have their care and custody, that there had not been a sufficient showing of changed circumstances subsequent to the divorce to justify modification of custody, and that it was to the best interest of the children that they remain in the care of defendant father. Judgment was entered accordingly, but with extensive visitation rights granted to plaintiff.

*On May 3, 1961,* the Clerk of the Alameda County Superior Court received a letter from defendant stating that he had been issued *military orders dated April 12, 1961,* to depart for Guam on June 6, 1961. *On the same day* (May 3) *plaintiff also received from defendant a letter* whose contents do not appear in the record. However, it moved her and her husband to attempt to get in touch with defendant at Beale Air Force Base (in Yuba and Nevada Counties, California) where defendant had last been stationed, but they were able to learn only that he had gone on leave on April 20, 1961, and was "back East." It is further relevant to the merits of this matter to note that defendant had remarried, that for some months the children had been living with him and his wife at Beale, and that plaintiff and her present husband had gone there about twice a month to pick up the children for visits.

Further inquiries by plaintiff and her husband at Camp Beale elicited the information that defendant with his wife and the children were to depart from Travis Air Force Base on June 6, 1961.

On June 5, 1961—*the last day before defendant, under military orders, was to leave California*—plaintiff commenced the present proceeding, again seeking a change of custody of the children from defendant to herself. On the same day the Alameda County Superior Court issued an order to show cause in the matter, *which set the hearing for June 20, 1961,* and also ordered that defendant be restrained pending the hearing from removing the children from the state.

On the following day, June 6, defendant was served with

these orders as he was about to embark for Guam from Travis Air Force Base. The date he had returned to California does not appear from the record. Defendant, obviously under military jurisdiction—his orders were dated April 12—understandably did not comply with the state court's restraining order and took the three children with him to Guam, departing the morning of June 7.

On June 20, 1961, the matter came on for hearing, but upon agreement of counsel for the parties was continued by the court until October 6, 1961, to allow time for preparation of a probation officer's report (presumptively relative to the home conditions as they would affect the children) in cooperation with Guam authorities.

On October 6, the day of the hearing, defendant's counsel filed an application for a stay of proceedings under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. App. § 521), together with counsel's supporting affidavit that defendant was stationed at Guam and that because of his military duties it was *impossible* for him to be present at the hearing. The court, in apparent disregard of defendant's military compulsion, denied the stay with the comment that defendant *"having placed himself* in this position in violation of a Court Order duly served upon him [while he was under orders, and just one day] before he left the United States is *not now in a position to ask for a Stay* of Proceedings so the Application . . . will be denied.'' (Italics added.) But plaintiff had asked for a stay and was entitled to have his application fairly considered and resolved pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, *supra*.

Plaintiff and her husband were then permitted to testify concerning the type of home they would be able to provide for the children. Defendant's counsel cross-examined both witnesses, although protesting to the court that he had little information on the merits of the matter and was without witnesses. He further requested that the "hearing be continued until such time as we can prepare a defense,'' but apparently made no response to the court's inquiry as to whether he had "any reasonable expectation of being able to have the father here within a reasonable length of time?'' coupled with the statement that "If you could do that and indicate that, I would certainly allow time to have him here.'' It is, of course, common knowledge that a military man on active duty, particularly when overseas, is not a free agent.

In addition to the oral testimony of plaintiff and her husband the court had before it a probation report prepared by the Alameda County Probation officer, which included a summary of a report received from the Director of Welfare in Guam. At the conclusion of the hearing defendant's counsel again requested a stay, to which the court responded, "That matter has already been ruled on since the welfare of the children is of primary concern.[1] I feel that no further testimony from the father would be available to this Court for a considerable period of time and, *in view of the events that occurred in connection with the removal of the children from the jurisdiction of this Court,* that no further time should be allowed so that motion is again denied."

The court's written order which followed included preliminary findings that "no cause has been shown why any of the following orders should not be made and complied with" and that it was to the best interest and welfare of the children that the custody change be made.

Defendant's primary contention on appeal is that the court abused its discretion in denying the stay which he sought. Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940, hereinafter called the act, provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter *may,* in the discretion of the court in which it is pending, *on its own motion, and shall, on application to it by such person or some person on his behalf,* be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." (50 U.S.C. App. § 521; italics added.)

In *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 67 [5] [168 P.2d 665], this court held that the act leaves discretion in the trial court in resolving the issue as to whether " 'the ability of plaintiff to prosecute the action or the defendant to conduct his defense is . . . ma-

---

[1] The Guam report indicated that the three children appeared to love defendant's present wife and to be happy and well kept, with a "very healthy parent-child relationship" in their home in Guam. The probation report in its local references further indicated that plaintiff and her husband also give their two children good care and supervision with a pleasant home life. However, the report questioned that the three Chaffey children should be uprooted from their home with defendant, and recommended that he be permitted to retain their custody.

terially affected by reason of his military service'" but that, when a prima facie showing for relief is made, the statute, in effect, places the burden of persuasion, if not of proof, upon the party *resisting* a postponement by providing that " '*unless,* in the opinion of the court, the ability of . . . [the party in military service to prosecute or defend] is *not* materially affected' a *postponement* of the trial by the court *is mandatory* 'on application to it by such person or some person on his behalf.' " (Italics added; see also *Kaiser Foundation Hospitals* v. *Superior Court* (1960) 185 Cal. App.2d 177, 180 [2] [8 Cal.Rptr. 181]; *Booth* v. *Booth* (1945) 69 Cal.App.2d 496, 497 [159 P.2d 93].)

*Boone* v. *Lightner* (1943) 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587], involved a stay of proceedings denied by a North Carolina court to an army officer stationed in Washington, D.C. The United States Supreme Court, in holding that denial of the stay did not constitute an abuse of discretion, commented (pp. 569-570), "2. The Act makes no express provision as to who must carry the burden of showing that a party will or will not be prejudiced, in pursuance no doubt of its policy of making the law flexible to meet the great variety of situations no legislator and no court is wise enough to foresee. We, too, refrain from declaring any rigid doctrine of burden of proof in this matter, believing that courts called upon to use discretion will usually have enough sound sense to know from what direction their information should be expected to come. . . . We think the ultimate discretion includes a discretion as to whom the court may ask to come forward with facts needful to a fair judgment." This statement of the law is in no wise inconsistent with the view which we have enunciated and apply here. The defendant made a prima facie showing for relief and the court did not dispose of it on the merits.

 The record in the case now at bench leads to the conclusion that the court failed to exercise a reasonable discretion with respect to defendant's application for a stay, but, instead, denied the application and entered the order appealed from on the basis, at least in material part, that defendant had violated a court order in obeying his military orders and in taking the children with him to Guam. Both the defendant and the children are entitled to have this matter determined after a full hearing in a fair proceeding.

By reason of our conclusion that the order changing cus-

tody must be reversed for failure of the trial court to determine the stay application on its merits, no useful purpose would be served by discussion of other contentions advanced by defendant.

The order appealed from is reversed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.