[Civ. No. 24412. First Dist., Div. Three. Mar. 1, 1968.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. WILLIAM W. BUSICK et al., Defendants and Appellants.

Breed, Robinson & Stewart, Edgar B. Stewart, Howard H. Bell and James R. McCall for Defendants and Appellants.

Harry S. Fenton, Holloway Jones, Jack M. Howard, Gary Rinehart and Richard S. Levenberg for Plaintiff and Respondent.

SALSMAN, J.—This is an appeal from a judgment in a condemnation action, and from an order denying appellants' motion to vacate the judgment on grounds stated in Code of Civil Procedure, section 473. We affirm both judgment and order.

The respondent brought this action to acquire appellants' property for highway purposes. The land and buildings in question were used as a truck-stop restaurant. At a pretrial conference, Mr. Rinehart, as attorney for respondent, and Mr. Robinson, as appellants' attorney, signed a stipulation on behalf of their respective clients containing this paragraph: "1. The date set for the trial of said cause may be advanced by the Court and the said cause may be tried at any time after the last above-mentioned date upon the giving of notice by the Court of the time designated for the commencement of the trial to each of said counsel, either personally or by telephone to his office, not less than twelve hours before the said designated time." The third paragraph of the stipulation stated: "Notice of time of trial is hereby waived." After this stipulation was signed and filed the court fixed March 21, 1966 as the date for trial and placed the case on the trailing calendar as intended by the parties when they entered into the stipulation.

Before the trial date arrived the case was continued at the request of Mr. Robinson, appellants' counsel, because he was engaged in another trial. Later, June 27th was fixed as a trial date, but it developed that this date was not convenient to Mr. Robinson, who wished to go on a vacation. Mr. Rinehart, respondent's counsel, discussed the matter informally with the presiding judge and the jury commissioner. He was told that the case would be set for trial on August 22d, and on that date would be "first out." Mr. Rinehart stated in his declaration that he notified Mr. Robinson's secretary by telephone of the new date. Mr. Robinson, however, only recalled learning that the date was set for "early fall."

On August 16th Mr. Rinehart checked with the calendar clerk, and found that a court would probably be available for trial of the action on the 22d. On the 16th Mr. Robinson also learned of the probability of trial on the 22d. He telephoned Mr. Rinehart and told him the trial could not proceed on the 22d because appellants' valuation witnesses, as well as other witnesses, would not be available. Mr. Rinehart stated that his client would not consent to further delay.

On August 17th Mr. Robinson appeared before the court

and moved for postponement of the trial. The court denied the motion. Mr. Rinehart, knowing that one of appellants' appraisers was in the county, subpoenaed the witness to attend trial on the 22d.

On August 19th the jury commissioner telephoned Mr. Robinson and notified him that trial of the action could commence on August 22d. On the morning of the trial date the parties appeared before the presiding judge. Respondent was ready for trial, but Mr. Robinson again moved for postponement and urged that the trial be continued to a date beyond Labor Day. Mr. Robinson specifically argued that (1) he had not been given five days written notice of time of trial as required by Code of Civil Procedure, section 594, and (2) that his witnesses were unavailable and could not appear until some time after Labor Day. The presiding judge suggested that a jury be selected but that trial need not begin until at least the following day. Mr. Robinson demurred to this suggestion and again moved for a postponement until after Labor Day. The presiding judge denied the motion and assigned the case to Department 3 for trial. Mr. Robinson was then sworn and by his testimony disqualified the judge in Department 3 (Code Civ. Proc., § 170.6, subd. (2)). The presiding judge then assigned the case to Department 8 for trial.

Mr. Rinehart and Mr. Robinson appeared in Department 8. Mr. Robinson again moved for postponement of trial, but the judge refused to entertain the motion becauuse the same motion had just been made and denied before the presiding judge. Jurors were present ready to be selected to serve, and the judge ordered the trial to proceed. Mr. Robinson refused to participate in the trial and walked out of the courtroom. Respondent waived jury trial and the jurors were dismissed. After hearing respondent's evidence the trial court entered judgment. Later, appellants moved for a new trial and to set aside the judgment. Both motions were denied.

Appellants' principal contentions on appeal are: (1) that errors were made in the procedure whereby the case was brought to trial; (2) that the court abused its discretion in refusing to postpone the trial because of the absence of appellants' witnesses; and (3) that there was a similar abuse in refusing to vacate the judgment.

We first consider appellants' contention that the court had no jurisdiction to proceed because they were not given proper notice of time of trial. They argue they were entitled to the five days' notice provided for in Code of Civil

Procedure, section 594, subdivision 1. The contention is without merit. Although it is undisputed that the clerk of the court did not give appellants five days notice of trial, they learned on August 16th that trial would begin on August 22d, a date which was fixed in June and of which they had had previous notice. Actual notice is sufficient to satisfy the requirements of section 594, subdivision 1. (*Bird* v. *McGuire*, 216 Cal.App.2d 702, 714 [31 Cal.Rptr. 386], and cases cited; see also *Canty* v. *Pierce & Anderson*, 173 Cal. 205, 208 [159 P. 582], and cases cited.) It is also well established that the notice required by the cited code section may be shortened or waived entirely. (*Bird* v. *McGuire, supra*, p. 714; *Taliaferro* v. *Taliaferro*, 179 Cal.App.2d 787, 793 [4 Cal.Rptr. 689]; *Cahill* v. *Verdier*, 54 Cal.App. 465, 468 [202 P. 154].)
 Here, the parties entered into a stipulation and agreed that the period of notice could be shortened to 12 hours. The purpose of the stipulation was to let the court know that the case was in all respects ready for trial and that the parties would commence trial on the date set, or as soon thereafter as the business of the court might permit. Such stipulations are important working tools for the court, and a great aid in the orderly and efficient disposition of its trial work. They are widely used in superior courts in many areas of the state and serve the convenience of litigants and counsel alike. Their great advantage lies in the knowledge the parties have that their case will proceed to trial on the date set, or soon thereafter, if they genuinely wish to proceed to trial. It is common knowledge among judges that, where such a stipulation is signed, and the case is allowed to trail for a short time, some trial department will open up and the case may then be assigned for disposition.

When such stipulations are signed and filed with the court they become binding on the parties until set aside or the parties are otherwise relieved of their effect. Here, neither party had ever been relieved of the burden of the stipulation, and the court was entitled to rely upon its terms and send the case out for trial, subject only to a finding that the parties had received 12 hours notice required by the stipulation. Our record clearly establishes that appellants had more than the minimum notice, and hence have no ground to complain because the case was ordered to trial in a manner to which they had previously agreed.

Appellants' reliance upon *Simon* v. *Tomasini*, 97 Cal.App. 2d 115 [217 P.2d 488] is misplaced. In *Simon* the case had

remained on the ready calendar for two years; the adverse party was out of the state and never appeared, and the only notice afforded the adverse party was given the day before trial. It is true our case was on the trailing calendar for 5 months, but most of that time was consumed by appellants in their requests for continuances. Moreover, here, unlike *Simon,* appellants had stipulated to go to trial on 12 hours notice and had received 5 days actual notice of the time of the trial indirectly from Rinehart.

Nevertheless, appellants argue it was an abuse of discretion not to postpone the trial because of the unavailability of their witnesses. It is true that the absence of a material witness is a ground upon which the trial may be postponed (Code Civ. Proc., § 595; 2 Witkin, Cal. Procedure (1954) Trial, § 23, pp. 1750-1751) and cases may be found where it has been held reversible error and an abuse of discretion not to grant such a motion, especially where the witness is the only person who can establish essential facts. (*Pacific Gas etc. Co.* v. *Taylor,* 52 Cal.App. 307 [198 P. 651]; *Betts Spring Co.* v. *Jardine Machinery Co.,* 23 Cal.App. 705 [139 P. 657].) But all such motions are addressed to the sound discretion of the court, and a legion of cases repeat the rule that the trial court's decision will not be reversed on appeal except upon a clear showing of an abuse of discretion. (*Beck* v. *Reinholtz,* 138 Cal.App.2d 719, 722-723 [292 P.2d 906].)

It cannot seriously be contended that there was an abuse of discretion in this case. The parties were present in the county of their trial. Their only reason for not attending was that they had other personal business they deemed more important than trial of this action. To uphold this as a reason to postpone the trial would utterly defeat the purpose of the parties' stipulation, and destroy the court's efforts at prompt and fair disposition of litigation. One of appellants' expert real estate appraisers was subpoenaed 5 days before trial, and the other was within the county on the day the trial was to commence. It is true that one of them had personal business outside the county which conflicted with the trial date, but there is no satisfactory showing that this witness would have been the first witness called by appellants, or that the trial would not have continued long enough so that the absent witness could have ultimately been heard. As for the truck drivers who as witnesses would have testified to the unique character of appellants' property, and the truck-stop restaurant owners who might have testified to ". . . the economic

rent and capitalization rate usual and normal to truck-stop type restaurants . . ." operations, it is plain that all such matters would have been taken into account and weighed by appellants' expert appraisers in arriving at the fair market value of the property as well as severance damages. Under the circumstances in our record, we see no abuse of discretion on the part of the trial court in refusing the postponement requested by appellants.

After entry of judgment, appellants moved (1) for a new trial (Code Civ. Proc., § 657), (2) to vacate the judgment (Code Civ. Proc., § 662), and (3) for relief under section 473 of the Code of Civil Procedure. Each of the three motions was accompanied by a memorandum of points and authorities. Memoranda in opposition to each motion were filed by respondent. After extensive oral argument, the court announced that "the motion to set aside the judgment and the motion for a new trial are denied." The court's minutes likewise record the denial of "Defendant's motions to vacate judgment and for a new trial. . . ." There was no explicit mention of the motion for relief under section 473. Appellants contend that the record indicates that the trial court did not pass on the motion. We think, however, that the record, read as a whole, shows that the motion was duly entertained and denied.

Appellants also contend that the trial court erroneously refused to exercise its discretion and consider the equitable factors necessary to granting relief under section 473. In support of this contention they rely upon the trial judge's statement that "this Department is not going to rehear the same matter . . ." which the presiding judge had previously heard when appellants unsuccessfully moved for a continuance. However, we do not agree that the record compels an inference that the court denied appellants a fresh and independent determination as to whether the judgment was taken by "mistake, inadvertence, surprise, or excusable neglect. . . ." Rather, the record as a whole supports an inference that the court merely suggested its agreement with the earlier denial of the continuance, based upon an independent examination of the events occurring before and after that denial. Thus, even if, as appellants contend, a party is entitled to have his case remanded for the trial court to reconsider a motion under section 473 where the trial judge makes statements indicating that he felt bound by a previous denial on a motion for a continuance (see *Jonson* v. *Weinstein,* 249

Cal.App.2d 954 [58 Cal.Rptr. 32] ; *Zak* v. *State Farm etc. Ins. Co.*, 232 Cal.App.2d 500 [42 Cal.Rptr. 908] ; *cf. Chaffey* v. *Chaffey*, 59 Cal.2d 792 [31 Cal.Rptr. 325, 382 P.2d 365]), we do not so construe the court's statements in this case.

Appellants make no showing whatsoever to support their charge that the court abused its discretion. ■ The record reveals that the trial had twice been postponed for the convenience of appellants' counsel. Three trial judges, on valid grounds, refused a third postponement. ■ Counsel for appellants, emulating tactics of the noted attorney for the plaintiff in *Jaffe* v. *Lilienthal*, 101 Cal. 175 [35 P. 636], but with far less reason, simply walked out of the courtroom when a further postponement was denied and refused to participate in the trial. Even if there were some justification for this conduct, and we see none, it does little to support a charge of an abuse of discretion on the part of the trial court in refusing to set aside the judgment. On the contrary, it serves as a proper reason to deny the motion because counsel knew when he left that the court would hear the evidence and enter judgment in his absence. Appellants are bound by the conduct of their attorney. (*City etc. of San Francisco* v. *Carraro*, 220 Cal.App.2d 509, 530 [33 Cal.Rptr. 696] ; *Alferitz* v. *Cahen*, 145 Cal. 397, 400 [78 P. 878] ; *People* v. *Kings County Dev. Co.*, 48 Cal.App. 72, 82 [191 P. 1004].) The judgment here was not entered by mistake, inadvertence, surprise or excusable neglect (Code Civ. Proc., § 473) and the trial court properly refused to set it aside.

The judgment and order are affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

A petition for a rehearing was denied March 29, 1968, and appellants' petition for a hearing by the Supreme Court was denied April 24, 1968.