601 P.2d 433

**Edward H. BAKER, Petitioner-Appellant,**

v.

**Tasha R. BAKER, Respondent-Appellee.**

**No. 12297.**

Supreme Court of New Mexico.

Oct. 22, 1979.

Burroughs & Rhodes, F. Randolph Burroughs, Alamogordo, for petitioner-appellant.

Jack T. Whorton, Alamogordo, for respondent-appellee.

## OPINION

JOHN E. BROWN, District Judge.

Appellant, Edward Baker, appeals from an order of the Otero County District Court adjudging him to be in civil contempt of court for failure to comply with an order of the court concerning the summer visitation rights of his former wife, Tasha Baker, the appellee herein, to their minor child.

Three issues are presented for review:

1. Whether the trial court had jurisdiction to find appellant in contempt.

2. Whether the trial court abused its discretion in refusing to stay its proceedings under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. §§ 501–548, 560–574.

3. Whether the trial court abused its discretion in refusing to require appellee to post a bond to insure her performance with the previous orders of the court regarding visitation.

On each issue we affirm the judgment of the trial court.

Appellant was awarded an absolute divorce from appellee on August 5, 1977. At that time, appellant was stationed at Holloman Air Force Base, New Mexico as a member of the United States Air Force. Appellee was residing in Colorado. The child was living with his father in New Mexico. In the final decree, the trial court awarded custody of the child to appellant, but granted appellee certain visitation rights, including custody of the child during the summer of 1978.

Shortly after entry of the final decree, appellant received orders to report to a new duty station in West Germany. Appellee obtained a temporary order of custody and a temporary restraining order prohibiting

appellant from removing the child from the United States. Following a hearing in October 1977, the court awarded appellant custody of the child, including the right to take the child to Germany, but it confirmed the visitation rights of appellee for the summer of 1978. Although appellee failed to deliver the child to appellant, the child was eventually located in Texas, whereupon appellant took him to Germany.

Despite various efforts of appellee to secure the return of the child for the summer visitation period in 1978, appellant failed to comply with the previous orders of the court. Appellee filed a motion for an order to show cause, for an adjudication of contempt, and for a modification of custody. Appellant accepted service of these pleadings in Germany. After entry of two orders to show cause why he should not be adjudged to be in contempt of the previous orders of the court, appellant moved to dismiss the proceedings for lack of jurisdiction, or alternatively, to stay the proceedings under the Soldiers' and Sailors' Relief Act. The trial court denied both motions found appellant to be in civil contempt, and sentenced him to 60 days in jail, or until such time as he delivered the child to appellee.

### I.

Appellant's first contention is that the trial court lacked jurisdiction over the motions filed by appellee because at the time the motions were filed, neither party nor the child was domiciled or physically present in New Mexico.

In support of this argument, appellant cites several cases which he asserts stand for the proposition that a court in a state in which neither the child nor the custodial parent are domiciliaries has no jurisdiction to modify a custody order previously entered by a court of competent jurisdiction. *See Hoefer v. Hoefer,* 67 N.M. 180, 353 P.2d 1066 (1960); *In Re Hughes,* 73 Ariz. 97, 237 P.2d 1009 (1951); *Graton v. Graton,* 24 Ariz. App. 194, 537 P.2d 31 (1975); *Word v. Word,* 236 Ga. 100, 222 S.E.2d 382 (1976).

These cases are not relevant to the jurisdictional issue in this case. Here the trial court did not enter an order changing the custody of the child. Rather, in adjudging appellant to be in contempt of court, the trial court merely sought to compel appellant to obey an order which had been entered at a time when both he and the child resided in New Mexico. When that order was entered, the court had unquestioned jurisdiction to determine custody and visitation rights. In fact, appellant himself sought that portion of the order which permitted him to take his child to Germany.

Appellant is now saying "catch me if you can." When it is convenient to obey the court, appellant is obedient, but when it is inconvenient, or if appellant changes his mind, the court is powerless to act because he is no longer present in the jurisdiction.

■ This position is untenable. Having had jurisdiction over appellant and the subject of custody originally, appellant's removal from the jurisdiction cannot defeat the power of the court to enforce its order by contempt. "[T]he affront is none the less directly against the dignity and authority of that court, no matter to what county or state the offender may go to violate the order of the court." *Farmers' State Bank of Texhoma v. State,* 13 Okl.Cr. 283, 164 P. 132 (1917). *See also Leman v. Krentler-Arnold Co.,* 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389 (1932); *Ogletree v. Watson,* 223 Ga. 618, 157 S.E.2d 464 (1967).

All that was required was sufficient notice to appellant of the proceedings being brought against him. *Leman, supra.* Appellant unquestionably received such notice. Therefore, the trial court properly denied appellant's motion to dismiss for lack of jurisdiction.

### II.

Appellant's second contention is that the trial court abused its discretion by denying his motion to stay the proceedings under the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. App. §§ 501–548, 560–574.

50 U.S.C. App. § 521 provides:

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act [sections 501–548 and 560–590 of this Appendix], unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

The trial court held that insufficient evidence existed to invoke the discretion of the court for the granting of a stay under this section. In so ruling, the court in effect found that there was no basis for concluding that appellant's ability "to conduct his defense" in this case was "materially affected by reason of his military service." We agree.

In *Stalcup v. Ruzic,* 51 N.M. 377, 382, 185 P.2d 298, 300 (1947), this Court noted that the party seeking relief under 50 U.S.C. App. § 521 had failed to show "any attempt had been made to procure leave" from his military duty station in order to be present in court, and had totally failed to show diligence on his part. *See also Jaramillo v. Sandoval,* 78 N.M. 332, 431 P.2d 65 (1967); *Norris v. Superior Court of Mohave County,* 14 Ariz.App. 183, 481 P.2d 553 (1971). Likewise, in this case, appellant's simple assertion that he was required to remain in Germany for another two years is not sufficient to invoke the relief provided for by U.S.C. App. § 521.

Appellant cites several cases in which courts in other jurisdictions have, under 50 U.S.C. App. § 521, granted servicemen a stay of proceedings to modify existing provisions for child custody. *Chaffey v. Chaffey,* 59 Cal.2d 792, 31 Cal.Rptr. 325, 382 P.2d 365 (1963); *Ratliff v. Ratliff,* 234 Iowa 1171, 15 N.W.2d 272 (1944).

Again, appellant misconstrues the nature of the proceedings in this case. As was noted with respect to the jurisdictional issue, this case does not involve a change of custody or a modification of the previous custody orders of the court. Rather, the only matters the trial court decided were that appellant had failed to comply with the visitation provisions of a custody order which he had sought, and that he should be held in contempt until he complied.

■ The Soldiers' and Sailors' Civil Relief Act was passed to give extra protection to military personnel. It certainly did not give a license to a serviceman to ignore lawful civil orders, which were directed at him while he was present in this country, once he had been transferred abroad. Having granted appellant the right to take his child to his foreign duty station, the trial court properly refused to permit him to invoke the provisions of the Relief Act in order to avoid the reasonable visitation conditions placed on that grant of custody.

III.

Appellant's final contention is that the trial court abused its discretion by refusing to require appellee to post a security bond to insure her performance under the previous orders of the court regarding visitation. Appellant contends that a bond should have been required because appellee failed to deliver the child to appellant following the October 19, 1977 order of the court permitting appellant to take the child to Germany.

■ It would be orderly and litigation would perhaps be reduced if performance bonds were required of each party to a custody action. However, the subject matter of custody actions is not an inanimate object, but a living, impressionable child whose future should not be shaped only by the parent possessing sufficient means to post a bond. The matter of requiring such bonds properly lies within the discretion of the trial court, and the exercise of that discretion will not be disturbed on review unless it has clearly been abused.

■ In this case, appellant is in the curious position of contending in a contempt proceeding against *him* for willful disobedi-

ence of a lawful court order that *appellee* should have been required to post a bond to insure her performance of visitation provisions whose enforcement *she* has sought. Under such circumstances, we cannot say that the trial court abused its discretion by refusing to require appellee to post a bond.

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, J., concur.