Filed 2/1/22  M.K. v. N.L. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| M.K., | |
| Appellant, | G059159 |
| v. | (Super. Ct. No. 17P000944) |
| N.L., | O P I N I O N |
| Respondent. | |

Appeal from an order of the Superior Court of Orange County, Paul T. Minerich, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.).  Affirmed.

Law Offices of Frank Satalino and Frank Satalino for Appellant.

Song Family Law and Hogan W. Song for Respondent.

\*          \*          \*

This appeal arises from the trial court's denial of a motion to vacate a judgment determining child custody rights. At the underlying continued trial proceeding, when appellant M.K. (Father) did not appear in court, respondent N.L. (Mother) alone stipulated to a commissioner conducting the proceeding. On appeal, Father argues the judgment should have been vacated because: (1) he was entitled to discretionary relief from the trial court; (2) he did not agree to have the commissioner conduct the proceeding; and (3) the commissioner failed to make a finding necessary to modify Father's parental custody rights.

The record before the trial court supports the court's conclusion Father received sufficient notice of the proceedings underlying the judgment. Additionally, Father's briefing does not demonstrate any of his contentions for reversal have merit. We affirm.

I

FACTUAL AND PROCEDURAL HISTORY

A. *Father's Nonappearance at a Continued Trial Proceeding and Mother's Stipulation to a Commissioner*

Father initiated this case in June 2017. Three months later, he signed a stipulation with Mother agreeing to joint legal and physical custody of their toddler child, K. (the 2017 stipulation); that stipulation became the court's order. In May 2018, Father relieved his counsel from the case. As required, Father listed his address as one in Rancho Mission Viejo (the listed address).

On November 20, 2018, both Father and Mother personally appeared in the trial court for a case resolution conference. There, the court set a trial date of February 5, 2019 (the initial trial date); both Father and Mother waived formal notice.

Neither Father nor Mother appeared on the initial trial date; the trial court scheduled an order to show cause hearing for March 8, 2019. At that subsequent hearing,

2

Father again did not appear, but Mother did; she explained to the court she had not appeared on the initial trial date because she had recently moved.

The court ordered Mother to return for trial on March 29, 2019 (the continued trial date) and "to notify [Father] of the next hearing date." The court additionally ordered the court clerk "to also give notice to [Father]'s address on file," which was completed one week later.[1]

Mother did not mail notice to Father, but asserted in a declaration that she verbally notified Father of the continued trial date three times—twice by phone and once in person. Father filed a controverting declaration: "[Mother] never gave me notice of the March 29, 2019 hearing as required by the court. If she intended to do so she would have texted or e-mailed me. No such documents exist. I never received notice of any kind from [Mother] as required by the Court nor did I receive any mailed notice."

On the continued trial date, Father again did not appear but Mother did. She signed a form agreeing to have the proceeding conducted by a commissioner who received her testimony and evidence. The commissioner granted legal custody of K. to Mother and physical custody jointly to Mother and Father. The commissioner also ruled parenting time would be split as mutually agreed to by the parents and reserved ruling on child support for the future.

B. *The Resulting Judgment and The Trial Court's Denial of Father's Motion to Vacate*

Mother was ordered to prepare a formal judgment and have it personally served on Father, which she did one month later, on May 1, 2019. Then, on the 180th day after the court entered judgment on May 31, 2019, over nine months after the initially calendared trial date, Father filed a motion to vacate the judgment.[2]

---

[1] The record contains a certificate signed by the clerk, attesting to mailing Father a copy of the court's minute order that set the continued trial date.

[2] Not relevant to this appeal, Father's motion also included an additional request for an order to prevent Mother from changing where K. would attend school.

3

Father's motion asserted the same three issues he presents on appeal: (1) the judgment should be vacated under Code of Civil Procedure section 473, subdivision (b), or section 473.5,[3] based on Father's assertion he did not receive notice of the continued trial date; (2) the judgment should be vacated as void because he did not agree to have the commissioner conduct the continued trial proceeding; and (3) the judgment "improperly modified" Father's 2017 stipulation custody rights because the commissioner failed to make a necessary finding about significantly changed circumstances.

As noted, Mother and Father submitted conflicting factual assertions to the trial court about whether Father received notice of the continued trial date. Father also acknowledged he was personally served with a "handwritten copy of the purported judgment," but explained he "believed it was a false document handwritten by [Mother] intended to harass" him. Father asserted he "only discovered [he] was wrong [about the nature of the proposed judgment] when [he] obtained an actual court docket of [the] case in the fall of 2019, approximately October," at least five months after he was personally served with the proposed judgment and four months after the court's entry of judgment.

The trial court denied Father's request to vacate the judgment. With respect to notice of the continued trial date, the court stated in its minute order that it "believe[d] proper notice was given" to Father because the court's clerk had mailed notice to the "last known address the [c]ourt had on file" for Father. As to the commissioner rendering the judgment, the court stated that a "defaulted/non-appearing party is not required to stipulate to a commissioner so long as the appearing party stipulates." Finally, concerning Father's assertion that his parental rights were improperly modified, the court concluded the relevant language in the 2017 stipulation was insufficiently clear to trigger the finding Father claimed was required.

---

[3] All further statutory designations are to the Code of Civil Procedure.

4

II

DISCUSSION

A. *Standard of Review*

We review a trial court's denial of a motion to set aside a judgment for abuse of discretion. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257.) We scrutinize a denial carefully (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980), but nonetheless accept the court's express and implied factual findings where supported by substantial evidence—including the court's credibility assessment of declaration testimony. (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 789, 791 [court "action that ""'transgresses the confines of the applicable principles of law'""" constitutes an abuse of discretion. [Citation.] [¶] The trial court's factual findings are reviewed under the substantial evidence standard while the trial court's legal conclusions are reviewed de novo"].)

Father as the appellant has the burden to overcome the general presumption that the challenged order is correct (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564) and, where contentions turn on factual issues, to state all of the evidence fairly in his briefing. (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881 (*Foreman*) [failure to brief all material evidence forfeits contention subject to substantial evidence review].)

Additionally, our review of the trial court's factual findings for substantial evidence is amplified because Father had the burden in the trial court to prove facts necessary for the court to grant his requested relief. (*Luz v. Lopes* (1960) 55 Cal.2d 54, 62.) "'In the case where the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals . . . where [an] issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence

5

was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding.'" . . . "'All conflicts, therefore, must be resolved in favor of the respondent."'" (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838 (*Dreyer's*).)

B. *Father Has Not Shown His Due Process Rights Were Violated*

Father has failed to show the record compels factual findings in favor of his position on the points above (*Dreyer's, supra*, 218 Cal.App.4th at p. 838); the record supports the trial court's conclusion he received sufficient notice of the proceedings that resulted in the court's judgment. Father's physical presence and waiver of formal notice of the initial trial date obviates section 594's requirement of mailed notice for initial and advanced trial dates where a party subsequently does not appear.[4] (*Au-Yang v. Barton* (1999) 21 Cal.4th 958, 963; see *People ex rel. Dept. of Public Works v. Busick* (1968) 259 Cal.App.2d 744, 747-748 [actual notice of trial and stipulation to notice shorter than statutory minimum contradicted arguments for relief from judgment]; see also 7 Witkin, Cal. Procedure (2021) Trial, § 178, p. 166.)

Father frames the facts surrounding the trial court's findings in a light most favorable to his position and does not discuss unfavorable factual conflicts. For example, the address the court used to serve Father was the address he had placed in the court file. He ignores this fact, although he concedes he did "receive mail at that address from time to time."

Evidence in the record before the trial court supports that: (1) when Father personally appeared at the court's November 2018 case resolution conference, he received 77 days of actual notice of the February 2019 initial trial date and waived mailed notice of the order; (2) the court clerk mailed Father notice of the March 2019 continued

---

[4] We note Father's failure to mention the facts surrounding the trial court's scheduling of the initial trial date in his appellate briefing forfeited any argument on this point. (*Foreman, surpa*, 3 Cal.3d at p. 881.)

trial date 14 days before it was conducted; and (3) Mother verbally told Father about the continued trial date prior to the proceeding.

Accordingly, Father has failed to demonstrate that, after the trial date was continued at the order to show cause hearing, the court clerk's mailing of notice of the continued date two weeks ahead of time was insufficient to satisfy due process requirements for Father's right to notice of the continued trial date. (See *People ex rel. San Francisco Bay Conservation etc. Com. v. Smith* (1994) 26 Cal.App.4th 113, 126-129 [informal efforts to notify nonappearing party of continued trial date provided sufficiently "'reasonable assurance'" that the party's due process right was not violated, citing *Parker v. Dingman* (1975) 48 Cal.App.3d 1011, 1018].)

C. *Father Has Not Shown He Should Have Been Granted Relief Under Section 473, Subdivision (b), or Section 473.5*

Father contends he was entitled to discretionary relief under sections 473, subdivision (b), which allows relief for "mistake, inadvertence, surprise, or excusable neglect."[5] Father's only concession of error is that he did "not carefully check [for] any mail in his name at" his listed address. He contends the mistake amounts to excusable neglect as a matter of law.

The relevant provisions in Section 473, subdivision (b), state: "The court may . . . relieve a party or his or her legal representative from a judgment . . . or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment . . . or proceeding was taken."

---

[5] Mandatory relief under different provisions of section 473, subdivision (b), requires an attorney declaration of fault. (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 960-961) The record contains no indication Father was represented by counsel during the relevant time.

7

A party seeking discretionary relief based upon the above provisions must show reasonable diligence could not have avoided the need for relief (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58) and that once the need arose, the moving party sought relief in a timely manner. (*Younessi v. Woolf* (2016) 244 Cal.App.4th 1137, 1147.) Father does not discuss either point and therefore fails to show he was entitled to relief under section 473, subdivision (b). (See *Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 (*Pizarro*), citing Cal. Rules of Court, rule 8.204(a)(1)(B) [an appellate brief must "'[s]tate each point [asserted] under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority'"].)[6]

Similarly, Father fails to adequately discuss his contention for statutory relief based on section 473.5, which authorizes "a default or default judgment" to be vacated "[w]hen service of a summons has not resulted in actual notice to a party." (§ 473.5, subd. (a).) Father's citation to the statute without discussion fails to show he is entitled to relief because he was the initiating party in this case, and the service of summons is not at issue. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'We are not bound to develop appellants' arguments for them.'"].) Father has not shown he was entitled to statutory relief under either section 473, subdivision (b), or 473.5.

---

[6] In addition to his failure to show both diligence and timeliness through adequate briefing, undisputed facts in the record show: (1) the continued trial proceeding occurred more than seven months after Father was told a trial would be conducted (see *City & County of San Francisco v. Carraro* (1963) 220 Cal.App.2d 509, 518-521 [a party who received sufficient notice of initial trial date bears a duty to diligently stay informed of subsequent trial continuances]); and (2) Father was personally served with a copy of a proposed judgment one month before it was actually entered, yet still did not move for relief for seven months.

D. *Father Has Not Shown the Judgment Is Void Because It Was Rendered by a Commissioner*

Father contends the judgment was void because he did not agree to a commissioner conducting the continued trial proceeding. The California Constitution, Article VI, section 21, provides that: "On stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause."

Mother argues Father's stipulation was not necessary, relying on *Sarracino v. Superior Court* (1974) 13 Cal.3d 1 and *Lint v. Chisholm* (1981) 121 Cal.App.3d 615 [a party who receives sufficient notice of a proceeding but fails to appear need not stipulate to authorize a commissioner to conduct the proceeding because the nonappearing party has forfeited "party litigant" status by not appearing]. Father has not filed a reply brief; we conclude he has conceded the point. (See *Johnson v. English* (1931) 113 Cal.App. 676, 677 ["[a]ppellant, by failing to file a reply brief, concedes that respondent's position is unassailable"].) In any event, our determination that Father received sufficient notice of the continued trial date resolves this issue against him on the merits. Mother's stipulation to the commissioner was alone sufficient.

E. *Father Has Not Shown the Judgment Is Void Because of a Purportedly Missing Finding*

Finally, Father makes a two-part contention that the trial court erred by not making a finding necessary for the court's judgment regarding child custody *and* that the purported error rendered the judgment "void and unenforceable." The first premise rests on a family law rule that "a party seeking to modify a *permanent* custody order can do so only if he or she demonstrates a significant change of circumstances justifying a modification." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 256, italics added (*Montenegro*).) Relevant here, the 2017 court order based on Father and Mother's 2017 stipulation stated Mother and Father would share joint legal and physical custody of their

9

child and contained the following provisions: "This stipulation and order is intended to be the final, complete, and exclusive agreement of the parties on the matters it covers. It supersedes any previous or contemporaneous oral or written agreement between the parties with respect to these matters only."

Father argues that because the trial court's 2017 order was a "permanent custody order," the court erred when it rendered its 2019 judgment by failing to make a finding about "a significant change of circumstances." Although we ultimately need not reach the merits of the argument, if we did,[7] it is unpersuasive because the court's order based on the 2017 stipulation did not qualify as a "final" judicial custody determination triggering the finding requirement Father claims. (See *Montenegro, supra*, 26 Cal.4th at p. 259 ["clear, affirmative indication" of parties' intention required to trigger rule]. Instead, both parents stipulated to the appointment of an expert evaluator to assist with child custody issues raised in Father's motion and to filing a subsequent motion for further court action after the evaluator rendered findings. This stipulation for expert findings to assist the court in determining child custody issues supports the conclusion that Mother and Father did not intend for their 2017 stipulation to have been a final judicial custody determination for their child.

More fundamentally, Father's two-part contention fails because it requires a showing of not only legal error but that the purported error resulted in a void judgment; an issue Father has not briefed.[8] (*Pizarro, supra*, 10 Cal.App.5th at p. 179; see *In re*

---

[7] In order to reach the merits of Father's *Montenegro* argument, we note we would have to determine that the doctrine of implied findings did not foreclose our review (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58), an issue we do not decide.

[8] The second premise of Father's contention implicitly acknowledges that without showing a void judgment (see § 473, subd. (d) [authorizing a judgment to be set aside if void]) his claim of legal error amounts to an untimely appeal. (See *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 661 ["Errors which are merely in excess of jurisdiction should be challenged directly"]; § 904.1, subd. (a)(14) ["[A] final order or judgment in a bifurcated proceeding regarding child custody or visitation rights"

10

*Marriage of Thomas* (1984) 156 Cal.App.3d 631, 638 ["A judgment based on an erroneous view of the law does not render it void"].)  Accordingly, by failing to show the absence of a finding rendered the court's judgment void, Father's contention does not provide a ground for reversal.

III

DISPOSITION

The trial court's denial order is affirmed.  Mother is entitled to recover her costs on appeal.



ZELON, J.*

WE CONCUR:



MOORE, ACTING P. J.



FYBEL, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

is directly appealable]; Cal. Rules of Court, rule 8.104(a)(1)(C), (c)(2), (e) [general 180-day outer deadline for appeals].)  To the extent Father disputes our understanding of his contention, he forfeited the point by failing to brief it.  (*Pizarro, supra*, 10 Cal.App.5th at p. 179; see Cal. Rules of Court, rule 8.204(a)(1)(B).)